[No. F050831. Fifth Dist. Nov. 14, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS ARMANDO LOPEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the Factual and Procedural Summary and parts I., II.B., and III.–V. of the Discussion.

**COUNSEL**

Janet J. Gray, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

**Opinion**

**CORNELL, J.—**

## INTRODUCTION

Carlos Armando Lopez was convicted of five separate crimes related to the assault (Pen. Code, § 220, subd. (a))[1] and rape (§ 261, subd. (a)(2)) of his 16-year-old half sister, L. The trial court found true a prior prison term enhancement (§ 667.5, subd. (b)) and imposed a total prison sentence of 20 years.

Lopez argues the trial court erred in admitting (1) his statement to the police in which he admitted the crimes because he did not knowingly, intelligently, and voluntarily give up his constitutional rights; (2) evidence pursuant to Evidence Code section 1108 that he previously had assaulted his cousin; and (3) photographs of the victim's injuries because the prosecution failed to disclose them in a timely manner. He contends the trial court also erred in instructing the jury and in imposing an aggravated sentence, in violation of his Sixth Amendment right to a jury trial. We conclude there was no reversible error and affirm the judgment.

■ We publish our discussion of one issue, which appears to be an issue of first impression. Lopez argues one reason the trial court erred in admitting the prior act evidence was because the act resulted in conviction for false imprisonment (§ 236), which is not a sexual offense as that term is defined in Evidence Code section 1108. We conclude that if the facts of the offense could constitute a sexual offense, the defendant's conviction of an offense that is not a sexual offense would not bar testimony about the prior act.

## FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.  *Lopez's Statement to the Police**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All further statutory references are to the Penal Code unless otherwise noted.
*See footnote, *ante*, page 1291.

II. *Prior Sexual Offense*

█ Evidence Code section 1108 allows propensity evidence to be used in cases involving sexual offenses. Specifically, the statute provides that if the defendant is charged with committing a sexual offense, then evidence that the defendant committed other sexual offenses in the past is admissible, unless the trial court determines it should be excluded pursuant to the weighing provisions of Evidence Code section 352. (*Id.*, § 1108, subd. (a).) This rule directly opposes the traditional view that propensity evidence should not be admitted when determining a defendant's guilt. (See *id.*, § 1101, subd. (a); *People v. Falsetta* (1999) 21 Cal.4th 903, 913–914 [89 Cal.Rptr.2d 847, 986 P.2d 182].)

█ Evidence Code section 1108 defines a sexual offense by referring to statutes that make criminal various sexual offenses. (*Id.*, subd. (d)(1)(A), (B).) A sexual offense also is defined to include (1) a crime that involves nonconsensual contact between any part of the defendant's body and the genitals or anus of another person; (2) a crime that involves nonconsensual contact between any part of another person's body and the genitals or anus of the defendant; and (3) a crime that involves deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person. (*Id.*, subd. (d)(1)(C)–(E).) Any attempt to commit any of the above offenses is included in the definition of a sexual offense. (§ 1108, subd. (d)(1)(F).)

The trial court permitted the prosecution to introduce evidence of a prior offense committed by Lopez pursuant to Evidence Code section 1108. Two witnesses testified about the prior act.

On May 14, 2003, Y., who was 13 years old at the time, lived with her mother, father, and brother. Her cousin, Lopez, lived in the apartment next to the apartment in which she lived. Y. was in her bedroom when Lopez came over to use the shower in her apartment. After he finished his shower, Lopez went into Y.'s bedroom and closed the door. Y. became nervous and scared because she felt Lopez was looking at her in a strange manner. Y. asked Lopez if her mother and brother were home. Lopez replied that they were not home. She attempted to leave the bedroom, but Lopez pushed her back onto the bed. Lopez unsuccessfully tried to pull off Y.'s shirt. Y. began screaming. Lopez struggled with her while she continued to scream. Y.'s mother and brother, who were home, came to the bedroom door and tried to enter the room. Lopez fought to keep the door closed. Eventually the bedroom door was forced open and Y. was able to leave the room. Lopez was fully dressed

during the confrontation and did not touch any of Y.'s "intimate part[s]." After the confrontation was over, Lopez told Y.'s parents that he was going to rape Y. Y. did not suffer any bruises or other injuries.

Y.'s mother, M., testified consistently with Y.'s testimony. She confirmed that she was home when Lopez came to the apartment to use the shower and that she heard Y. scream a short while later. M. and her son ran to the bedroom when she heard the scream. M. and her son tried to open the door, but Lopez fought to keep it closed. When M. opened the door, she saw that Y. was scared and crying. Lopez pushed M. out of the way and left the room. M. asked Lopez what he was attempting to do, and Lopez said he wanted to "abuse her," which meant he wanted to have sex with her.

The People's moving papers asserted, without objection, that as a result of this incident, Lopez was convicted of false imprisonment. (§ 236.) We assume this assertion is true.

Lopez contends the evidence should have been excluded for two reasons. First, he asserts that the confrontation resulted in a conviction for false imprisonment and, since false imprisonment is not a sex offense, the trial court erred in admitting the disputed evidence. Second, he argues the evidence should have been excluded pursuant to the provisions of Evidence Code section 352.

### A. *The prior act was a sex offense*

Lopez's first argument asks us to look at only the conviction and to ignore the conduct that led to the conviction. The People, on the other hand, rely on the conduct that led to the conviction, arguing that because the testimony could have supported a conviction for a sexual offense, the evidence was admissible.

Both parties cite the same two cases to support their positions. In *People v. Pierce* (2002) 104 Cal.App.4th 893 [128 Cal.Rptr.2d 397], Pierce was charged with assault with the intent to commit rape (§ 220). At the time the crime was committed, Evidence Code section 1108 did not include assault with the intent to commit rape in the definition of "sexual offense."[6] (*Pierce,*

---

[6] Evidence Code section 1108 was amended in 2002 to include assault with the attempt to commit rape as a sexual offense. (Stats. 2002, ch. 194, § 1; see now Evid. Code, § 1108, subd. (d)(1)(B).)

at p. 898.) The appellate court concluded that assault with the intent to commit rape was an aggravated form of attempted rape because it is a combination of the elements of attempted rape and assault. (*Ibid.*) As such, it met the statutory definition of a sexual offense, not only as a listed offense but also because Pierce committed the assault to derive sexual pleasure or gratification from the infliction of bodily injury or physical pain, referring to subdivision (d)(1)(E) of section 1108. (*Pierce*, at p. 898.)

In *People v. Walker* (2006) 139 Cal.App.4th 782 [43 Cal.Rptr.3d 257], Walker was convicted of the murder of a prostitute. He previously had raped and assaulted two other women, one of whom was a prostitute, and assaulted a second prostitute after she consented to have intercourse with him. The prosecution convinced the trial court to permit introduction of evidence of the previous crimes pursuant to Evidence Code sections 1101 and 1108. The appellate court concluded the trial court erred in relying on section 1108. "Although murder, standing alone . . . , is not one of the offenses enumerated in section 1108, subdivision (d)(1), there can be no question certain murder charges would qualify as 'sexual offenses' within the meaning of that provision—for example, a charge of first degree murder alleging special circumstances . . . (murder committed while the defendant was engaged in . . . or attempting to commit rape . . .). In such a case the defendant is accused of a crime that involves conduct proscribed by section 1108, subdivision (d)(1)(A). [Citation.]" (*Walker*, at p. 798, citations omitted.)

After analysis, the appellate court concluded a charged crime, not listed in the statute, could meet Evidence Code section 1108's definition of a sexual offense only if it is limited "to crimes in which deriving sexual pleasure or gratification through inflicting physical pain is an element of the charge (or applicable enhancement or aggravating factor) and not simply a circumstance of the crime's commission. Section 1108, subdivision (a), limits the statute's scope to criminal actions in which the defendant is 'accused of a sexual offense'; and subdivision (d)(1) defines 'sexual offense' to mean a 'crime that involve[s]' certain categories and enumerated types of sexual misconduct. In ordinary usage these terms connote that the requisite sexual transgression must be an element or component of the crime itself without regard to the evidence establishing a specific violation. [Citations.]" (*People v. Walker, supra*, 139 Cal.App.4th at p. 800.)

■ Both *Pierce* and *Walker* involved questions about whether the crime with which the defendant was charged was a sexual offense. We are not faced

with that situation here. Lopez was charged with rape (§ 261), which is listed as a sexual offense in Evidence Code section 1108, subdivision (d)(1)(A).

■ Nor are we faced with the question of whether the prior conduct was a sexual offense. The testimony provided substantial evidence that, if believed, established that Lopez assaulted Y. with the intent to commit rape (§ 220, subd. (a)). Evidence Code section 1108, subdivision (d)(1)(B) includes assault with the intent to commit rape in the definition of a sexual offense. Thus, *Pierce* and *Walker* are inapposite.

Instead, the question presented in this case is whether the People are permitted to argue in a subsequent prosecution that the prior conduct was a sexual offense when that conduct resulted in a conviction for a crime that is not a sexual offense. The parties have not cited, and our research has not found, any case that is on point. We conclude the evidence was admissible for a variety of reasons.

■ First, we begin with the language of the statute. Evidence Code section 1108, subdivision (a) makes admissible "evidence of the defendant's commission of another sexual offense." "Evidence" is defined as "testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." (Evid. Code, § 140.) Thus, while *People v. Wesson* (2006) 138 Cal.App.4th 959, 967–968 [41 Cal.Rptr.3d 883], citing Evidence Code section 452.5, held that documentary evidence of prior convictions may be used to prove the defendant committed a prior sexual offense, Evidence Code section 1108 also permits testimony about prior sexual offenses.

■ Second, the rule proposed by Lopez would create an untenable situation. The premise of Lopez's argument is that because he was not convicted of a sexual offense, his attack on Y. is not admissible under Evidence Code section 1108. Uncharged sexual offenses, however, are admissible under section 1108. (*People v. Britt* (2002) 104 Cal.App.4th 500, 505–506 [128 Cal.Rptr.2d 290].) Had Lopez not been charged with a crime for his attack on Y., the prior act would be admissible. Under Lopez's proposal, the identical prior act evidence should be inadmissible *because he was convicted of a crime.* We do not believe that the Legislature intended such an absurd result.

Third, there are a variety of reasons why a defendant who commits a sexual offense may not be convicted of a sexual offense. We cannot discern

any reason why the discretion exercised by the prosecutor when charging or accepting a plea to a charge in the first prosecution should become a bar to the use of evidence of the prior act in a subsequent prosecution. The issue is, and should be, whether the prior act is a sexual offense.

Fourth, we must distinguish the two circumstances because of the differing burdens of proof. When prosecuting a defendant for any crime, the prosecution must prove each element of the crime utilizing the familiar beyond-a-reasonable-doubt standard. (*United States v. Booker* (2005) 543 U.S. 220, 230 [160 L.Ed.2d 621, 125 S.Ct. 738].) When attempting to prove that the defendant committed a prior sexual offense as propensity evidence in a subsequent prosecution, the prosecution is required to prove each element of the prior crime utilizing the more lenient preponderance of the evidence standard. (*People v. Carpenter* (1997) 15 Cal.4th 312, 380–382 [63 Cal.Rptr.2d 1, 935 P.2d 708].) A defendant may avoid conviction of a sexual offense because of the more stringent burden of proof, either because the prosecutor may not feel he or she can meet the burden, or because the jury concluded the prosecution failed to meet the burden. When the evidence is introduced at a subsequent trial as evidence of a prior sex offense, however, the jury may conclude the same evidence meets the preponderance of the evidence standard and utilize the evidence as permitted by law.

Lopez has not provided any authority for his assertion that a prior act may not be introduced pursuant to Evidence Code section 1108 if, as a result of that act, the defendant was convicted of a crime that is not a sexual offense. We cannot conceive of any reason for so concluding. For each of the above stated reasons, we conclude that evidence of the prior act is admissible under these circumstances.

B.   *Exclusion pursuant to Evidence Code section 352**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1291.

## DISPOSITION

The judgment is affirmed.

Vartabedian, Acting P. J., and Dawson, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 20, 2008, S159088.