[No. F057974. Fifth Dist. Dec. 30, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT EARL JAMES, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I.B., C., and II. of the Discussion.

## COUNSEL

Michael J. Hersek, State Public Defender, under appointment by the Court of Appeal, Alexander Post, Deputy Public Defender, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DETJEN, J.**—Evidence Code section 1109 allows for the admission of evidence of a defendant's commission of prior acts of domestic violence as propensity evidence when the defendant is accused of "an offense involving

domestic violence."[1] In the published portion of our opinion we find that "an offense involving domestic violence" may include the crime of burglary.

Defendant, Robert Earl James, was convicted of first degree burglary after he broke down the door of a woman he had formerly lived with (K.M.). The trial court admitted evidence of a prior instance of domestic violence against the victim and evidence of a prior act of domestic violence against one of defendant's former girlfriends (J.F.). Defendant claims the trial court erred in admitting the evidence of the prior act of domestic violence against J.F. He also claims the trial court erred when it modified the instruction regarding propensity evidence. We affirm.

## Facts

K.M. knew defendant for approximately six years; they lived together during a portion of this time. On February 23, 2008, defendant and K.M. spent some time together at his house. K.M. had been drinking and using methamphetamine. She and defendant engaged in consensual sex. Defendant began acting funny and K.M. left.

K.M. was at home when her friend, Rasheed, called. K.M. left to pick him up and the two returned to her house. K.M. continued to drink and use methamphetamine. At approximately 1:00 a.m. on February 24, 2008, K.M. heard defendant beating on the door. It was loud and sounded like he was going to knock the door down.

K.M. went into the bedroom to call 911. The tape of K.M.'s call to 911 was played for the jury. K.M. identified the caller's voice as her voice and she identified the male voice as the voice of defendant.

In the call K.M. stated to the dispatcher that her "ex old man" was at her door trying to beat the door down. She identified defendant as the person at the door. K.M. said defendant was beating on the door, then said he was coming through the door. A male could be heard stating more than once, "I'm gonna fuck your ass up." K.M. was screaming and sobbing and imploring the dispatcher to please hurry up. When asked where defendant was, K.M. replied that she did not know, then repeatedly said, "He's here." When asked if it was defendant, she said yes. When asked again where defendant was, K.M. replied that she did not know. She said he got into her house. After a short period of time, she said he was gone.

---

[1] All future code references are to the Evidence Code unless otherwise noted.

K.M. testified that she was in the bedroom with Rasheed, the bedroom had French doors that did not lock, defendant tried to enter and Rasheed held the door shut, defendant broke the glass in one of the doors, turned the handle and pushed the door open, and the bottom hinge was pulled out of the wall. K.M. further testified that the front door's trim was broken, the chain was pulled out of the wall, the latch was broken off, and it looked like the door had been kicked in.

The next morning when K.M. prepared to take Rasheed home, she discovered she had three flat tires on her car. The tires had a lot of holes in them and one tire had a metal implement sticking out from it. K.M. reported this to the police. Later that same afternoon, while K.M. was looking at her tires, a car drove by with defendant as a passenger. Defendant said to K.M., "I could have just as easily put those holes in your head." K.M. again called the police. (Defendant was acquitted of vandalism.)

K.M. testified to a prior incident of domestic violence that occurred in September of 2005. Defendant came to her home in the early afternoon, poked a hole in her screen door, and tried to unlock the door. K.M. tried to push the door shut, but defendant was able to push the door open. Once defendant got inside the house, he grabbed K.M. by her arm and threw her to the ground. It hurt when he threw her to the ground and her arm subsequently was hurt and had a scratch. The police officer, who responded to the call from K.M., said that she was crying and very upset, she had a slight redness to her arm and had what looked like a fingernail scratch, and the screen door to her house had been removed from the frame.

J.F. testified that on March 21, 2002, when she was living with defendant, they had an argument because she would not let defendant use the car. Defendant backhanded her, causing swelling to her eye. She tried to use the telephone to call someone, but defendant pulled the cord out of the wall. She was treated at the hospital for her injuries.

Defendant was convicted of first degree burglary. He admitted he had suffered a prior serious felony conviction that qualified as a strike and had served a prior prison term. He was sentenced to prison for the mitigated term of two years, doubled to four years because of the strike. An additional five-year term for the prior serious felony conviction and a one-year term for having served a prior prison term were added to defendant's sentence, for a total term of 10 years in prison.

## Discussion

## I.  Admission of Prior Acts of Domestic Violence

## A.  Burglary as a Crime Involving Domestic Violence

"Evidence of prior criminal acts is ordinarily inadmissible to show a defendant's disposition to commit such acts. [Citation.] However, the Legislature has created exceptions to this rule in cases involving sexual offenses [citation] and domestic violence [citation]." (*People v. Reyes* (2008) 160 Cal.App.4th 246, 251 [72 Cal.Rptr.3d 586].)[2]

Section 1109 states that, subject to exceptions not applicable here, "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other domestic violence is not made inadmissible by Section 1101 if the evidence is not inadmissible pursuant to Section 352." (§ 1109, subd. (a).)

Defendant argues section 1109 was intended to permit the use of prior acts of domestic violence only in prosecutions of offenses involving domestic violence. On this claim he is correct; section 1109 allows the admission of prior acts of domestic violence when "the defendant is accused of an offense involving domestic violence." (§ 1109, subd. (a).)

Defendant continues his argument and claims that because burglary is not an offense that inherently involves domestic violence, it does not qualify as an offense "involving domestic violence" and, thus, admission of prior acts of domestic violence may not be admitted in a burglary prosecution under any circumstances.

■   Domestic violence is defined in Penal Code section 13700. " 'Domestic violence' means abuse committed against [a qualified individual.]" (Pen. Code, § 13700, subd. (b).) " 'Abuse' means intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in

---

[2] Sections 1108 and 1109 are "complementary portions of the same statutory scheme." (*People v. Brown* (2000) 77 Cal.App.4th 1324, 1333 [92 Cal.Rptr.2d 433].) Section 1108, which allows admission of evidence of uncharged sexual offenses, and section 1109, allowing admission of evidence of uncharged domestic violence, are "virtually identical," and cases which have interpreted section 1108 have been relied upon to resolve similar issues involving section 1109. (*People v. Johnson* (2000) 77 Cal.App.4th 410, 417 [91 Cal.Rptr.2d 596]; *People v. Johnson* (2008) 164 Cal.App.4th 731, 739 [79 Cal.Rptr.3d 568].)

reasonable apprehension of imminent serious bodily injury to himself or herself, or another." (Pen. Code, § 13700, subd. (a).)

Although burglary is not, in every instance, an offense involving domestic violence, under the facts of this case the crime of burglary was an offense "involving domestic violence." Defendant broke down the door of K.M., a person with whom he had a dating relationship, and repeatedly made threatening remarks towards her. His actions placed K.M. in reasonable apprehension of imminent serious bodily injury to herself. Thus, his actions, which resulted in his conviction for burglary, involved domestic violence.

In support of his argument, defendant attempts to distinguish the principles set forth in the case of *People v. Story* (2009) 45 Cal.4th 1282 [91 Cal.Rptr.3d 709, 204 P.3d 306] (*Story*). In *Story*, the defendant was charged with first degree murder. He was tried on a theory of felony murder with rape and burglary as the underlying felonies. The burglary was based on the defendant's entering the victim's apartment with the intent to commit rape. (*Id.* at p. 1291.) The trial court admitted evidence of four other sexual assaults committed by the defendant under sections 1101 and 1108 (the counterpart to § 1109). (*Story, supra*, at p. 1289.) The Supreme Court framed the issue as follows: "Section 1108's language makes clear that it 'is limited to the defendant's *sex offenses*, and it applies only when he is charged with committing *another sex offense*.' (*People v. Falsetta* (1999) 21 Cal.4th 903, 916 [89 Cal.Rptr.2d 847, 986 P.2d 182].) Thus, the question before us is whether, under the circumstances of this case, defendant was 'accused of a sexual offense' within the meaning of section 1108." (*Id.* at p. 1291.) The court found that it was particularly probative for the jury to learn the defendant's history of sexual assaults in determining what happened in the victim's home the night the defendant strangled her. (*Id.* at p. 1293.) The Supreme Court found support for its conclusion in the case of *People v. Pierce* (2002) 104 Cal.App.4th 893 [128 Cal.Rptr.2d 397]. In *Pierce*, the appellate court held that assault with the intent to commit rape was a crime involving conduct proscribed by the sex offenses listed in section 1108, although it was not specifically listed as a sexual offense under section 1108.[3] (*Story, supra*, 45 Cal.4th at p. 1293.) The Supreme Court concluded "that section 1108 applies at least when the prosecution accuses the defendant of first degree felony murder with rape . . . or with burglary based on the intent to commit rape (or other sex crime), [as] the underlying felony." (*Id.* at p. 1294.)

Defendant contends the reasoning employed by the *Story* court compels the opposite result when propensity evidence is offered in a case such as this one.

---

[3] Assault with intent to commit rape was subsequently added to section 1108 as a crime involving sexual conduct. (*Story, supra*, 45 Cal.4th at p. 1293.)

In particular, he claims the underlying basis for the court's holding in *Story* was that, in order to prove a murder occurred during the course of committing a rape, the prosecution necessarily had to prove a rape occurred. Thus, he argues, allowing propensity evidence regarding prior sexual offenses fits within the parameters of the Evidence Code because proving the commission of a rape is an essential and coequal component to proving murder during the course of a rape. Defendant asserts here that the commission of an offense involving domestic violence was not a predicate offense to the commission of burglary.

We do not agree with defendant's interpretation of *Story*. As previously set forth, the court in *Story* held that prior sexual offenses were admissible in a murder prosecution when a burglary based on the intent to commit rape was the underlying felony. In *Story*, the crime of burglary was considered to be a sexual offense for purposes of section 1108 based on defendant's alleged intent when he committed the burglary. It was Story's intent that defined the character of the burglary as a sexual offense. (*Story, supra*, 45 Cal.4th 1282.) Here, the burglary was based on the intent to commit an act of domestic violence. It is defendant's intent that makes the burglary an offense "involving domestic violence."

■ Evidence of prior criminal conduct, in the form of prior acts of domestic violence, is admissible under section 1109 to prove a crime when the proof of the crime requires as an integral part, actions "involving domestic violence." Because the People sought to prove defendant's intent when he entered K.M.'s house was to commit domestic violence, the burglary here was an offense "involving domestic violence." Although the crime of burglary is not a crime of domestic violence on its face, the trial court properly found that under the facts of the case, the burglary was a qualifying offense allowing the People to seek to present propensity evidence under section 1109.

### B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II.   Instructions Regarding Propensity Evidence*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 478.

## Disposition

The judgment is affirmed.

Wiseman, Acting P. J., and Kane, J., concurred.

On December 30, 2010, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied March 30, 2011, S190450.