Filed 5/16/13  P. v. Deville CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B238053 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. MA050416) |
| PATRICK DEVILLE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Bernie C. LaForteza.  Affirmed in part and reversed in part; sentence vacated and remanded with directions.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Patrick Deville appeals from a judgment entered after a jury convicted him of forcible rape, unlawful sexual intercourse with a minor, oral copulation of a minor, administering a controlled substance to a minor and administering a controlled substance. The trial court sentenced Deville to 85 years to life in prison.

Deville contends (1) the trial court erred in admitting evidence of his 1979 conviction for assault with intent to commit rape, (2) the prosecutor committed misconduct by improperly commenting on Deville's decision not to testify, (3) and the conviction for administering a controlled substance must be dismissed because it is a lesser included offense of administering a controlled substance to a minor. We reject the first two contentions, and agree with Deville on the third, as does the Attorney General. Accordingly, we reverse his conviction for administering a controlled substance (count 6).

Deville also contends the trial court made errors in sentencing him. We agree and vacate his sentence and remand the matter for a new sentencing hearing.

## BACKGROUND

On September 15, 2010, 16-year-old Haley G., a foster child, walked out of a therapy session at a social services agency because she became angry when the therapist and her foster mother confronted her about her marijuana use. She walked to a nearby park. Haley saw Deville sitting on the grass near a field where kids were playing football. Deville waved at Haley, motioning for her to join him. Wanting someone to talk to about her problems, Haley sat next to Deville. It was about 6:00 p.m.

Haley talked to Deville for a couple of hours. She told him about why she had run away from her therapy session. She complained about living in a foster home. She told Deville she was 16 years old. Deville responded, "'Tell people you're nineteen for my benefit.'" Deville was 50 years old when he met Haley. He told her he was homeless.

Deville gave Haley alcohol and she drank it. She started to feel "buzzed." Deville told Haley he "wanted to slam." She understood this to mean he planned to "stick a needle in [his] arm and inject drugs." Haley walked over to the bathroom with Deville

2

and waited outside for him. He was in there for about an hour. Haley stayed because she felt she "had nowhere else to go."

After Deville exited the bathroom, he asked Haley if she wanted "to slam speed." Haley said yes. They walked behind a building in the park. Deville tied a "bungee" around Haley's arm and stuck a needle in her arm, injecting her with methamphetamine. The drugs made Haley feel "[l]ike everything was far away" and she was "not in touch with reality."

Deville whispered in Haley's ear, indicating that he wanted to engage in oral sex with her. Haley "freaked out" and wondered why "an old man" would say something like that to a 16-year-old. She told him no. Deville then "unzipped his pants, pulled out his penis and grabbed [her] by [her] hair and forced [her] head down to his penis." Deville rubbed his penis on Haley's face. Haley resisted and said no. When Deville stopped, Haley moved away and lay in the grass. She was sad and scared and could not believe what was happening. She started crying.

Deville went to Haley, pulled her pants down to her ankles, and licked her vagina. Then he grabbed her by her legs and dragged her from the grass to a dirt area which was not visible from the street. Haley struggled against Deville and told him no. She was still crying. Deville put his penis in Haley's vagina.

When Deville finished, he pulled up his pants and told Haley to do the same. Haley lay in the grass and cried. She was too scared to leave because Deville told her he would come after her. When Deville fell asleep in the grass, Haley left. She walked to a nearby house, but no one responded when she rang the doorbell. It was about 1:30 a.m. She started to walk home. A car pulled over and the driver took Haley home.

The following morning, Haley told her foster sister and a social worker that she had been raped. The social worker took her to the hospital for an examination.

A sheriff's deputy interviewed Haley at her foster home at about 6:00 p.m. on September 16, 2010. Thereafter, the deputy went to the park and detained Deville. Haley was brought to the park and she identified Deville as the man who had committed the crimes charged in this case.

3

At trial, the prosecution presented DNA evidence indicating Deville's sperm was found inside Haley's vagina. The prosecution also presented documentary evidence of Deville's 1979 conviction of assault with intent to commit rape. Deville did not testify or present evidence in his defense.

The jury found Deville guilty of forcible rape (Pen. Code, § 261, subd. (a)(2); count 1),[1] administering a controlled substance to a minor (Health & Saf. Code, § 11353; count 2),[2] unlawful sexual intercourse with a minor (§ 261.5, subd. (c); count 4), oral copulation of a minor (§ 288a, subd. (b)(1); count 5), and administering a controlled substance (Health & Saf. Code, § 11379, subd. (a); count 6).[3]

Deville waived his right to jury trial on the prior conviction allegations set forth in the amended information. The court found true Deville had sustained three prior convictions of serious or violent felonies (assault with intent to commit rape, burglary and attempted burglary) within the meaning of the prior serious felony enhancement and the "Three Strikes" law. (§§ 667, subd. (a)(1), (b)-(i) & 1170.12, subds. (a)-(d).) The court also found true Deville had sustained a conviction for a sex offense (assault with intent to commit rape) within the meaning of section 667.6, subdivision (a). The court further found true Deville had served three prior prison terms within the meaning of

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] The parties agree that, in administering a controlled substance to Haley, Deville violated Health and Safety Code section 11380, not section 11353, and the abstract of judgment should be corrected accordingly. In citing Health and Safety Code section 11055, subdivision (d), section 11380 is the provision which makes it illegal to administer methamphetamine to a minor. (Health & Saf. Code, § 11055, subd. (d)(2) ["Methamphetamine, its salts, isomers, and salts of its isomers"].) Section 11353 makes it illegal to administer to a minor the controlled substances listed in Health and Safety Code section 11055, subdivision (b), which does not include methamphetamine. As stated below, we direct the trial court to correct the abstract of judgment to reflect that the conviction for administering a controlled substance to a minor (count 2) is a violation of Health and Safety Code section 11380 (not a violation of Health and Safety Code section 11353).

[3] The jury found Deville not guilty of kidnapping to commit rape (§ 209, subd. (b)(1); count 3).

4

section 667.5, subdivision (b).  The court denied Deville's motion to dismiss the prior strike allegations under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

The trial court sentenced Deville to 85 years to life in prison.  On count 1 for forcible rape, the court sentenced Deville to 25 years to life for the offense under the Three Strikes law, plus a consecutive term of 15 years for the three prior serious felonies under section 667, subdivision (a)(1), plus a consecutive term of five years for the prior conviction of a sex offense under section 667.6, subdivision (a).  On count 2 for administering a controlled substance to a minor, the court sentenced Deville to a consecutive term of 25 years to life for the offense under the Three Strikes law, plus a consecutive term of 15 years for the three prior serious felonies under section 667, subdivision (a)(1).  The court sentenced Deville to concurrent terms of 25 years to life under the Three Strikes law for each of the other offenses (counts 4, 5 and 6).

## DISCUSSION

### I. Evidence of Prior Conviction for Assault with Intent to Commit Rape

Deville contends the trial court abused its discretion in admitting evidence of Deville's 1979 conviction for assault with intent to commit rape.

"In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352."  (Evid. Code, § 1108, subd. (a).)  Evidence Code section 1108 "allows evidence of the defendant's uncharged sex crimes to be introduced in a sex offense prosecution to demonstrate the defendant's disposition to commit such crimes."  (*People v. Reliford* (2003) 29 Cal.4th 1007, 1009.)  Under section 1108, trial courts may not "deem such evidence unduly prejudicial per se, but must instead engage in a careful weighing process under Evidence Code section 352."  (*Id*. at pp. 1012-1013.)

In deciding whether to admit evidence of a prior sexual offense under Evidence Code section 1108, "trial judges must consider such factors as its nature, relevance, and possible remoteness, the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, its similarity to

5

the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses, or excluding irrelevant though inflammatory details surrounding the offense." (*People v. Falsetta* (1999) 21 Cal.4th 903, 917.)

Before trial, the prosecution moved the court for permission to introduce Deville's 1979 conviction for assault with intent to commit rape pursuant to Evidence Code section 1108. The prosecution informed the court it did not intend to present any live testimony regarding the prior offense.

Deville objected to the evidence on grounds he was young when he committed the prior offense. The record demonstrates he was 18 years old when he committed the prior offense and 19 years old when he was convicted of the crime. Deville was 50 years old at the time he committed the offenses charged in this case. Deville also objected to the evidence on grounds the prior offense was remote in time.

After hearing oral argument, the trial court admitted the evidence pursuant to Evidence Code section 1108, allowing the prosecution to use the evidence to demonstrate Deville's propensity to commit sex offenses. Engaging in the weighing process under Evidence Code section 352, the court stated "the probative value is not substantially outweighed by danger of prejudice, undue consumption of time, and confusion of issues." Although the conviction was 32 years old, the court found it to be probative because the prior offense (assault with intent to commit rape) was similar to a charge in the present case (rape).

Prior to opening statements, the trial court elaborated on why it did not find evidence of the prior offense should be excluded on remoteness grounds: "In our present case, according to the probation report, the defendant served seven years in prison for his 1993 residential burglary conviction. He served an additional seven years in 1997 for a drug charge and he served that time after he was paroled from the burglary charge. Finally, he served an additional nine years in state prison for an attempted burglary

6

charge in 2003. The defendant was sentenced to a total of twenty-three years in prison after his 1979 prior."

The trial court did not abuse its discretion in admitting evidence of Deville's prior conviction for assault with intent to commit rape. In this case, he was charged with a similar crime, rape. Deville complains the trial court could not evaluate *how* similar the prior and current offenses were because the facts of the prior offense were not before the court. "Admissibility under Evidence Code section 1108 does not require that the sex offenses be similar; it is enough the charged offense and the prior crimes are sex offenses as defined by the statute." (*People v. Jones* (2012) 54 Cal.4th 1, 50.)

Although the conviction was 32 years old, Deville had been incarcerated for much of that time. (See *People v. Pierce* (2002) 104 Cal.App.4th 893, 900 [23-year-old rape conviction not too remote to be probative in trial on charge of assault with intent to commit rape where the defendant was incarcerated for at least 12 years after the rape].)

The prosecution presented evidence in the form of documents demonstrating Deville had been convicted and punished for the prior assault with intent to commit rape. The prosecution did not introduce any inflammatory details of the prior offense.

The trial court did not err in admitting the evidence under Evidence Code section 1108, allowing the prosecution to use the evidence to demonstrate Deville's propensity to commit sex offenses.

## II.    Prosecutor's Comments

Deville contends the prosecutor committed misconduct when she "improperly urged, by implication, the jury to consider appellant's *failure to testify* as a basis for rejecting any notion that Haley may have consented to having sex with appellant or that he had reason to believe her to be 18 years or older." (Caps. & boldface omitted.)

In *Griffin v. California* (1965) 380 U.S. 609 (*Griffin*), the United States Supreme Court held, "the Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." (*Id*. at p. 615.) "Prosecutorial comment which draws

7

attention to a defendant's exercise of his constitutional right not to testify, and which implies that the jury should draw inferences against defendant because of his failure to testify, violates defendant's constitutional rights." (*People v. Murtishaw* (1981) 29 Cal.3d 733, 757, disapproved on other grounds in *People v. Boyd* (1985) 38 Cal.3d 762, 772-776.)

A prosecutor "may comment on the state of the evidence, including the failure of the defense to introduce material evidence or to call witnesses." (*People v. Mincey* (1992) 2 Cal.4th 408, 446.) But "it is error for the prosecution to refer to the absence of evidence that only the defendant's testimony could provide." (*People v. Hughes* (2002) 27 Cal.4th 287, 372.) It also "'is error for a prosecutor to state that certain evidence is uncontradicted or unrefuted when that evidence could not be contradicted or refuted by anyone other than the defendant testifying on his or her own behalf.' [Citation.]" (*People v. Harrison* (2005) 35 Cal.4th 208, 257.) *Griffin* error is subject to harmless error review. (*United States v. Hasting* (1983) 461 U.S. 499, 507-509.)

Before closing argument, Deville objected to the prosecutor's PowerPoint presentation, stating: "When she [the prosecutor] is going to talk about the elements for forcible rape and some of the other charges where she has to prove that he didn't actually and reasonably believe that Haley consented or her age, she's going to argue there is no actual belief. There were no witnesses, no documents, no evidence that show what he was thinking at the time. I believe that is another way of saying—commenting on his failure not to testify [*sic*]. [¶] What we have in this case are, basically, two potential witnesses. We have Haley and Mr. Deville. Haley obviously testified. [¶] Now she says in her closing argument that there were no witnesses. She's, basically, commenting on the fact that Mr. Deville did not testify. And I believe that is error and misconduct and should not be allowed during closing argument."

The prosecutor responded: "Just for the record, I'm looking at a particular slide. And as stated by defense counsel, this is the element concerning what the defendant actually and reasonably believed concerning consent. And I used similar language on a different slide concerning his belief as to Haley's age. The exact words are 'cannot

8

speculate.' [¶] There were no witnesses, no documents, no evidence to show what he was thinking at the time. That is not saying that the defense failed to produce these things. It's just merely stating that we don't have anything to go off of to show what was going on and what he actually thought. [¶] We do have evidence to show what he reasonably should have thought, but I have no evidence to show what he actually thought. [¶] So what I'm telling the jury, that because under the law they're only allowed to consider evidence, that they're not to speculate. [¶] I'm not shifting the burden. I'm not coming anywhere close or near commenting on the defendant's failure to take the stand."

The trial court overruled Deville's objection and noted for the record Deville was making a continuing objection to such comments by the prosecutor so as not to interrupt the prosecutor's closing argument with objections.

During closing argument, the prosecutor stated: "Haley was the only person who got up and testified about the rape. We don't need to bring in other witnesses who were in the park, looking and seeing it happen. The testimony of one witness is enough and the law says that."

In discussing the elements of rape, the prosecutor stated: "Now we have to show what was going on in the defendant's mind. [¶] Did he believe she was consenting? [¶] And if he did believe she was consenting, was that belief reasonable? [¶] Well, we all know we can't cut open someone's brain, right? We all agreed on that, the trick-or-treat hypo. So what did he actually think? [¶] Well, we have to show that he actually thought this, and he reasonably thought this. [¶] The evidence—because there is no evidence, the evidence shows that we don't know what he was thinking. We can't say what he actually thought. We're not allowed to speculate. As I told you earlier, you can only go off the witnesses and the documents. [¶] Did we have any witnesses who told us what was going on in the defendant's mind at the time? [¶] No. [¶] Do we have any documents that show us what was going on his mind at the time? [¶] No. [¶] And you're not allowed to speculate then. You're only allowed to consider the evidence. There was no evidence that showed what he was thinking at the time. [¶] Because we don't know what he was thinking at the time, we shouldn't even move on to step 2, which is whether what

9

he was thinking was reasonable.  But I'm going to move on to step 2 anyway."  The prosecutor went on to argue there were reasons showing it would not have been reasonable for Deville to believe Haley had consented to sex.

In discussing the elements of unlawful sexual intercourse with a minor, the prosecutor stated:  "And the only sticking point, I guess, if you can call it that, is whether he actually and reasonably believed that Haley was 18 or older.  [¶]  And we already went through this with consent.  There is no evidence that he actually thought she was 18.  Nothing that came out on the stand, nothing that came out of any of these photos shows what he thought at the time, what he actually thought.  [¶]  So, done.  This element is met because we don't know that he actually thought she was over 18.  We can't speculate.  Same thing.  [¶]  But even if there had been evidence to show that he thought she was 18, it wouldn't have been reasonable to think she was.  [¶]  Why?"  The prosecutor went on to argue there were reasons showing it would not have been reasonable for Deville to believe Haley was 18 or older.

Citing *Griffin*, *supra*, Deville maintains "the prosecutor's argument to the jury was tantamount to improper comment on appellant's failure to testify in his own defense in violation of the Fifth and Fourteenth Amendments."  We disagree.  The prosecutor was commenting on the state of the evidence and urging the jury not to speculate on matters for which there was a lack of evidence.

## III.    Lesser Included Offense—Administering a Controlled Substance

Deville contends his conviction for administering a controlled substance (count 6) must be dismissed because it is a lesser included offense of administering a controlled substance to a minor (count 2).  The Attorney General agrees.

"'Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.'  [Citation.]"  (*People v. Breverman* (1998) 19 Cal.4th 142, 154, fn. 5.)  A defendant may not be convicted of both

10

a greater offense and a lesser included offense. (*People v. Villa* (2007) 157 Cal.App.4th 1429, 1434.)

Administering a controlled substance to a minor under Health and Safety Code section 11353 (or section 11380) cannot be committed without administering a controlled substance under Health and Safety Code section 11379. Accordingly, we reverse the conviction on count 6 for administering a controlled substance.

## IV. Section 667, subdivision (a)(1), enhancements on count 2

Deville contends the trial court erred in imposing the prior serious felony enhancements under section 667, subdivision (a)(1), on count 2 for administering a controlled substance to a minor. The Attorney General agrees.

Section 667, subdivision (a)(1), provides: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." The trial court imposed a consecutive 15-year term under section 667, subdivision (a)(1), on count 2 based on Deville's prior serious felony convictions for assault with intent to commit rape, burglary and attempted burglary.

Section 667, subdivision (a)(5), provides, however, that this enhancement "shall not apply to a person convicted of selling, furnishing, administering, or giving, or offering to sell, furnish, administer, or give to a minor any methamphetamine-related drug or any precursors of methamphetamine unless the prior conviction was for a serious felony described in subparagraph (24) of subdivision (c) of Section 1192.7." The felony described in section 1192.7, subdivision (c)(24) is "selling, furnishing, administering, giving, or offering to sell, furnish, administer, or give to a minor any heroin, cocaine, phencyclidine (PCP), or any methamphetamine-related drug, as described in paragraph (2) of subdivision (d) of section 11055 of the Health and Safety Code, or any of the

11

precursors of methamphetamines, as described in subparagraph (A) of paragraph (1) of subdivision (f) of Section 11055 or subdivision (a) of Section 11100 of the Health and Safety Code." Because none of the prior serious felonies alleged in the amended information were drug offenses, the trial court erred in imposing the enhancements under section 667, subdivision (a)(1), on count 2. These enhancements are stricken.

## V. Section 667.6, subdivision (a), enhancements on count 1

Deville contends the trial court erred in imposing the prior sex offense enhancement under section 667.6, subdivision (a), on count 1. The Attorney General agrees.

Section 667.6, subdivision (a), provides: "Any person who is convicted of an offense specified in subdivision (e) and who has been convicted previously of any of those offenses shall receive a five-year enhancement for each of those prior convictions." The trial court imposed a consecutive five-year term under section 667.6, subdivision (a), on count 1 based on Deville's prior conviction for assault with intent to commit rape (§ 220.).

Section 667.6 provides a conviction for assault with intent to commit rape is a qualifying conviction for the enhancement under section 667.6, subdivision (a), if it is a "present offense," but not if it is a prior offense. (§ 667.6, subd. (e)(9).) Accordingly, Deville's 1979 conviction for assault with intent to commit rape is not a qualifying conviction. The enhancement under section 667.6, subdivision (a), on count 1 is stricken.

## VI. Consecutive sentencing on counts 1 and 2

Deville contends his sentence must be vacated and the matter remanded for resentencing because the trial court imposed consecutive terms on count 1 (forcible rape) and count 2 (administering a controlled substance to a minor) "based on inapplicable law."[4]

---

[4] The Attorney General argues the issue is forfeited because Deville's counsel did not object below. We disagree. Deville is not raising on appeal an issue about the manner in which the court exercised its discretion or the reasons it stated for imposing consecutive sentencing. (See *People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints about the

In imposing sentence on count 2, the trial court stated: "The court imposes consecutive terms and not concurrent. [¶] Although count 2 arose out of the same occasion as count 1, the court specifically finds that based on the evidence the court heard, the defendant had time to reflect between the commission of count 1 and count 2. [¶] The court heard evidence that the defendant gave alcohol to the minor, the victim, and then gave her a needle to shoot methamphetamine. Some time had passed before he started to sexually assault her."

Consecutive sentences are not mandatory under section 667, subdivision (c)(6), where multiple crimes are committed on the same occasion or arise from the same set of operative facts. (*People v. Deloza* (1998) 18 Cal.4th 585, 591; section 667, subd. (c)(6) ["If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count . . . ."].) Here, the trial court found count 1 and count 2 "arose out of the same occasion." Thus, the court had discretion to impose either consecutive or concurrent terms on counts 1and 2. (*People v. Deloza*, *supra*, 18 Cal.4th at p. 596.)

Deville interprets the trial court's comments to mean the court believed consecutive sentences were mandatory under section 667.6, subdivision (d), which requires consecutive terms for multiple sex offenses "if the crimes involve separate victims or involve the same victim on separate occasions." This provision further states, "In determining whether crimes against a single victim were committed on separate occasions under this subdivision, the court shall consider whether, between the commission of one sex crime and another, *the defendant had a reasonable opportunity to reflect upon his or her actions* and nevertheless resumed sexually assaultive behavior.

manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"].) Deville is claiming the trial court erroneously believed—based on its application of the wrong legal standard—it did not have discretion and had no alternative but to impose consecutive sentencing. This claim of error was not forfeited and may be raised on appeal.

Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned his or her opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions." (§ 667.6, subd. (d), italics added.) California Rules of Court, rule 4.426, governing "[m]ultiple violent sex crimes," includes the same language requiring consecutive terms for multiple violent sex crimes involving the same victim on separate occasions, where the defendant had a reasonable opportunity to reflect on his actions between crimes.

The record indicates the trial court erroneously applied the standard for multiple sex offenses, thereby concluding consecutive sentences were mandatory on counts 1 and 2. The court stated it was imposing consecutive terms because Deville had time to reflect between commission of the crimes charged in counts 1 and 2. The offense charged in count 2 is not a sex offense, however, and consecutive terms were not mandatory because the offenses charged in counts 1 and 2 occurred on the same occasion.

Because the record indicates the trial court "misunderstood the scope of its discretion to impose concurrent sentences for defendant's current convictions, and erroneously believed consecutive sentences were mandatory," we vacate Deville's sentence and remand the matter for a new sentencing hearing. (*People v. Deloza*, *supra*, 18 Cal.4th at p. 600.) We express no opinion on whether the court should impose concurrent or consecutive terms on counts 1 and 2 in the exercise of its discretion.

## VII. Concurrent sentence on count 4

Deville contends the trial court erred in imposing a concurrent term on count 4 for unlawful sexual intercourse with a minor. Deville argues the court should have stayed the sentence under section 654. The Attorney General agrees

Section 654, subdivision (a), provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

14

Deville was punished twice for the same act in count 1 for forcible rape and in count 4 for unlawful sexual intercourse with a minor. The trial court should have stayed the sentence on count 4. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227 ["the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited"].) On remand for resentencing, the court may not impose concurrent terms on counts 1 and 4.

## DISPOSITION

The conviction for administering a controlled substance (count 6) is reversed. The prior serious felony enhancements under section 667, subdivision (a)(1), imposed on count 2 are stricken. The prior sex offense enhancement under section 667.6, subdivision (a), imposed on count 1 is stricken. The sentence is vacated and the matter is remanded for resentencing. The trial court is directed to correct the abstract of judgment to reflect that the conviction for administering a controlled substance to a minor (count 2) is a violation of Health and Safety Code section 11380 (not a violation of Health and Safety Code section 11353). In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

MALLANO, P. J.

ROTHSCHILD, J.