[No. C052319. Third Dist. July 18, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JONATHAN LAWRENCE CROMP, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts I, III and IV.

**COUNSEL**

A.M. Weisman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Dane R. Gillette and Mary Jo Graves, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, John G. McLean and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NICHOLSON, J.**—Defendant molested a four-year-old and an eight-year-old over a period of about seven months in 2002 and early 2003. A jury convicted him of multiple counts of child molestation, and the trial court sentenced him to a total state prison term of 180 years to life. On appeal, defendant contends (1) the trial court abused its discretion in admitting evidence of a prior rape defendant committed; (2) a jury instruction on use of the prior rape evidence violated his due process rights; (3) the sentence

violated the prohibition on cruel and unusual punishment; and (4) imposition of consecutive sentences without jury findings on the facts supporting the consecutive sentences violated his jury trial and due process rights. We affirm.

## FACTS

Defendant makes no contention that the evidence was insufficient, and, because we find no error, it is unnecessary to engage in a harmless error analysis. Therefore, we include only the most material facts, drawing all reasonable inferences in favor of the judgment. (See *In re James D.* (1981) 116 Cal.App.3d 810, 813 [172 Cal.Rptr. 321].)

The victims, D.B. and J.B., are brothers. At the time of the molestations, D.B. was eight years old and J.B. was four years old. Defendant was the live-in boyfriend of Sherry B., J.B.'s paternal grandmother. Sherry and defendant often went to the home where D.B. and J.B. lived. For a couple of weeks or a month, defendant lived in the same household as the victims.

When defendant and D.B. were alone in the residence, defendant fondled D.B.'s penis, testicles, and anus, sometimes with defendant's hand and sometimes with his mouth. This happened, at times, when D.B.'s clothes were off, but also happened when he was clothed. The molestation occurred at least four times while defendant was living in the household. On one occasion, defendant had D.B. touch defendant's penis.

D.B. saw defendant, in a closet, touching J.B.'s private areas with defendant's hand. J.B.'s clothes were off. Defendant put his mouth on J.B.'s penis. Defendant threatened D.B. that, if D.B. told anyone, defendant would hurt everyone in the house. While J.B. was on a couch watching cartoons, on another occasion, defendant touched J.B.'s penis. When J.B.'s mother was gone, defendant directed J.B. into his mother's bedroom and told J.B. to take his pants off. Defendant touched J.B.'s private area. J.B.'s mother came home and caught defendant in her bedroom. She told him to leave. J.B. told his counselor that he was touched numerous times in his private areas.

Defendant denied molesting the boys. He claimed he was never alone with them.

## PROCEDURE

The jury convicted defendant of three counts of lewd and lascivious conduct on D.B. and three counts of lewd and lascivious conduct on J.B., pursuant to Penal Code section 288, subdivision (a). (Hereafter, unspecified code references are to the Penal Code.) It found true the allegation that defendant committed the offenses against more than one victim. (§ 667.61, subd. (b).) Defendant waived jury trial on a prior rape conviction allegation, and the court found the allegation true.

The trial court sentenced defendant to 15 years to life for each count, consecutively, pursuant to section 667.61, subdivision (b). The court doubled the term imposed because of the prior rape conviction pursuant to section 1170.12. The total state prison term imposed was 180 years to life.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

### *Jury Instruction on Prior Sexual Offense*

Defendant claims that the jury instruction given concerning the prior rape evidence, Judicial Council of California Criminal Jury Instructions (2006–2007) CALCRIM No. 1191, violated his due process rights because it allowed the jurors to infer guilt in the current offenses from the fact that he committed the prior rape. We disagree.

The court instructed the jury as follows: "From [the prior rape] evidence you may, but are not required to, conclude from that evidence that the

---

*See footnote, *ante*, page 476.

defendant was disposed or inclined to commit sexual offenses, and based on that decision also conclude that the defendant was likely to commit and did commit the offense charged here. This evidence is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of the offenses charged here. The People must still prove each element of every charge beyond a reasonable doubt. Do not consider this evidence for any other purpose except for the limited purpose of determining the defendant's credibility."

■ As defendant acknowledges, his contention that the language of this instruction violated his due process rights was rejected by the California Supreme Court in *People v. Reliford* (2003) 29 Cal.4th 1007 [130 Cal.Rptr.2d 254, 62 P.3d 601]. Although the instruction considered in *Reliford* was the older CALJIC No. 2.50.01, there is no material difference in the manner in which each of the instructions allows the jury to conclude from the prior conduct evidence that the defendant was disposed to commit sexual offenses and, therefore, likely committed the current offenses. CALCRIM No. 1191, as given here, cautions the jury that it is not required to draw these conclusions and, in any event, such a conclusion is insufficient, alone, to support a conviction. Based on *Reliford*, we therefore reject defendant's contention that the instruction violated his due process rights.

Defendant also contends the instruction violated his due process rights because prior rape evidence admitted at trial did not tend, logically, to prove defendant committed the current offenses. He bases this contention on the flawed reasoning that the prior rape and the current offenses were dissimilar. We disagree that the prior rape of a developmentally disabled woman and the current offenses were as dissimilar as defendant would have us believe. The fact that defendant committed a sexual offense on a particularly vulnerable victim in the past logically tends to prove he did so again with respect to the current offenses. We therefore reject this argument.

III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 476.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., concurred.

**ROBIE, J.,** Concurring.—I concur except as to part IV, as to which I concur in the result.

A petition for a rehearing was denied August 14, 2007, and appellant's petition for review by the Supreme Court was denied September 25, 2007, S155502.