[No. C053778. Third Dist. Feb. 20, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
IVAN REYES, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II through V of the Discussion.

COUNSEL

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, J. Robert Jibson and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ROBIE, J.—Defendant Ivan Reyes appeals from his convictions in case No. 06F3055 for making criminal threats and misdemeanor spousal battery. He contends Judicial Council of California Criminal Jury Instructions (2006) CALCRIM No. 852 violated his right to due process because it allowed the

jury to find him guilty based solely on uncharged acts found by a preponderance of the evidence. In the published portion of this opinion, we reject this claim.

Defendant also appeals from the sentence imposed following his conviction in case No. 06F3055 and the true finding he violated his probation in case No. 06F516. He argues the imposition of the upper term sentence violated *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856]. Alternatively, he contends if the sentence did not violate *Cunningham* because of the existence of a prior conviction, then the same offense was improperly used to impose a consecutive sentence. We are not persuaded by these claims.

### RELEVANT FACTUAL BACKGROUND

Mary Shaulis and defendant lived together with their three minor children. Defendant and Mary had lived together for approximately 15 years.

On June 23, 2004, defendant and Shaulis got into an argument, during which defendant shoved Shaulis down on the stove and started choking her with both hands around her neck. Eventually a neighbor called the police. As a result of this incident, defendant was convicted of misdemeanor battery of a cohabitant.

On January 5, 2006, there was another incident of violence between the couple. (Case No. 06F516.) Shaulis went to get some things from a safe and computer in the house.[1] When she tried to get the items out of the computer, defendant punched her in the face. About 15 minutes later, Shaulis went back to the computer and as she reached for it, defendant grabbed her by the head and started shaking her head back and forth. He also put his hands around her throat and threatened to kill her. A friend of Shaulis's called the police. Ultimately, defendant pled no contest to making criminal threats and was sentenced to three years' probation, with 120 days in jail.

Defendant was released from jail in March 2006 and returned to live with Shaulis. The fighting and violence started again almost immediately upon defendant's return to the home. On April 22, 2006, Shaulis and her children went to a neighbor's house to do some chores. Defendant came to the neighbor's house and told Shaulis it was time to go. He sounded upset and his tone of voice was harsh. Shaulis knew there was going to be a confrontation, so she wanted the children to stay at the neighbor's. Defendant and Shaulis got into an argument and he grabbed her around the neck, he was

---

[1] Apparently these were sexual photographs and videos defendant had taken.

yelling and screaming, then he grabbed her arm, pulled it up toward her head and threatened to break it. When his son yelled at him to stop, defendant did.

Defendant acknowledged to officers that he and Shaulis had fought. He was angry because they were having financial problems, Shaulis was not cooking meals, and she was she spending money frivolously. However, defendant claimed it was a verbal argument and that he merely grabbed Shaulis by her shoulders and shook her.

## PROCEDURAL HISTORY

In case No. 06F3055, defendant was charged with criminal threats, battery on a cohabitant, and child endangerment. It was also alleged defendant had sustained a prior strike conviction for making criminal threats. In case No. 06F516, a petition for revocation of probation was filed, based on the charges alleged in case No. 06F3055.

Jury trial commenced on July 11, 2006. The parties stipulated that defendant had sustained prior criminal convictions for the June 23, 2004, and January 5, 2006, incidents. The jury found defendant guilty of making criminal threats and battery on a cohabitant, but not guilty of child endangerment. In a separate court trial, the court found the prior strike allegation true and found defendant had violated his probation in case No. 06F516.

On the criminal threats charge, defendant was sentenced to the aggravated term of three years in state prison. Based on the prior strike allegation, this term was doubled to six years. On the battery on a cohabitant charge, defendant was sentenced to a term of six months in county jail. On the probation violation in case No. 06F516, defendant was sentenced to a consecutive term of eight months in state prison.

## DISCUSSION

### I

### *CALCRIM No. 852*

Defendant contends the trial court violated his due process rights by instructing the jury with CALCRIM No. 852, "Evidence of Uncharged Domestic Violence." Specifically, defendant contends the instruction allowed the jury to "find him guilty of the charged offenses solely upon finding true by a preponderance of the evidence uncharged offenses."

Effective January 1, 2006, the California Judicial Council withdrew its endorsement of the CALJIC instructions and adopted the CALCRIM instructions. The use of the CALCRIM instructions rather than the CALJIC instructions is strongly encouraged. (Cal. Rules of Court, rule 2.1050(e); *People v. Thomas* (2007) 150 Cal.App.4th 461, 465 [58 Cal.Rptr.3d 581].)

■ Evidence of prior criminal acts is ordinarily inadmissible to show a defendant's disposition to commit such acts. (Evid. Code, § 1101.) However, the Legislature has created exceptions to this rule in cases involving sexual offenses (Evid. Code, § 1108) and domestic violence (Evid. Code, § 1109). Our Supreme Court has held that Evidence Code section 1108 conforms with the requirements of due process. (*People v. Falsetta* (1999) 21 Cal.4th 903, 915 [89 Cal.Rptr.2d 847, 986 P.2d 182].) It has also ruled that CALJIC No. 2.50.01, an instruction explaining the application of section 1108, is proper. (*People v. Reliford* (2003) 29 Cal.4th 1007, 1012 [130 Cal.Rptr.2d 254, 62 P.3d 601].) The analysis in *Falsetta* has been used to uphold the constitutionality of Evidence Code section 1109 (*People v. Jennings* (2000) 81 Cal.App.4th 1301, 1312 [97 Cal.Rptr.2d 727]; *People v. Price* (2004) 120 Cal.App.4th 224, 240 [15 Cal.Rptr.3d 229]) and the analysis in *Reliford* has been used to uphold the constitutionality of the corresponding CALJIC instruction, CALJIC No. 2.50.02 (*People v. Pescador* (2004) 119 Cal.App.4th 252, 261–262 [14 Cal.Rptr.3d 165]). In fact, this court has held "[f]or the purposes of evaluating the constitutional validity of the instructions, there is no material difference between CALJIC No. 2.50.01 and CALJIC No. 2.50.02. (*People v. Escobar* (2000) 82 Cal.App.4th 1085, 1097, fn. 7 [98 Cal.Rptr.2d 696].)" (*Pescador*, at p. 261.)

Similarly, there is no material difference between the language found constitutional in CALJIC No. 2.50.02[2] and that in CALCRIM No. 852.[3] In

---

[2] In pertinent part, CALJIC No. 2.50.02 states: "Evidence has been introduced for the purpose of showing that the defendant engaged in an offense involving domestic violence [on one or more occasions] other than that charged in the case. [¶] . . . [¶] If you find that the defendant committed a prior offense involving domestic violence, you may, but are not required to, infer that the defendant had a disposition to commit [another] [other] offense[s] involving domestic violence. If you find that the defendant had this disposition, you may, but are not required to, infer that [he] [she] was likely to commit and did commit the crime [or crimes] of which [he] [she] is accused. [¶] However, if you find by a preponderance of the evidence that the defendant committed a prior crime or crimes involving domestic violence, that is not sufficient by itself to prove beyond a reasonable doubt that [he] [she] committed the charged offense[s]. If you determine an inference properly can be drawn from this evidence, this inference is simply one item for you to consider, along with all other evidence, in determining whether the defendant has been proved guilty beyond a reasonable doubt of the charged crime. [¶] [[Unless you are otherwise instructed, y][Y]ou must not consider this evidence for any other purpose.]"

[3] As given in, and relevant to this case, CALCRIM No. 852 states, "The People presented evidence that the defendant committed domestic violence that was not charged in this case,

fact, CALCRIM No. 852 is expressed in clearer language and makes more certain the manner in which such evidence may or may not be used by the jury. The reasoning of the cases analyzing CALJIC No. 2.50.02 is equally applicable to the validity and propriety of CALCRIM No. 852.

■ CALCRIM No. 852 makes clear the evidence of uncharged acts of domestic violence may only be considered at all if it has been established by a preponderance of the evidence and explains what is meant by that burden of proof. The instruction also explains that if that burden is not met, the evidence must be disregarded entirely.

As with CALJIC No. 2.50.02, CALCRIM No. 852 explains that *if* the jury finds the defendant committed the uncharged acts, it *may* but is not required to conclude the defendant was disposed to or inclined to commit domestic violence and may also conclude that the defendant was likely to commit and did commit the crimes charged in the case. Also as with CALJIC No. 2.50.02, CALCRIM No. 852 clarifies that even if the jury concludes the defendant committed the uncharged acts, that evidence is only one factor to consider, along with all the other evidence and specifies that such evidence alone is insufficient to prove the defendant's guilt on the charged offenses. CALCRIM No. 852 then goes on to state that the People must still prove each element of every charge beyond a reasonable doubt. In this, CALCRIM No. 852 goes further than CALJIC No. 2.50.02 with a clarification which inures to the defendant's benefit.

The authority defendant relies on to support his arguments are cases based on the pre-1999 version of CALJIC No. 2.50.02. (*People v. James* (2000) 81 Cal.App.4th 1343, 1349 [96 Cal.Rptr.2d 823]; *People v. Younger* (2000) 84 Cal.App.4th 1360 [101 Cal.Rptr.2d 624]; *People v. Frazier* (2001) 89 Cal.App.4th 30 [107 Cal.Rptr.2d 100].) Defendant makes no mention of the more recent authorities involving the revised version of CALJIC No. 2.50.02,

specifically the incident[s] of June 23rd, 2004 and January 5th 2006. . . . [¶] . . . [¶] You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged domestic violence. Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. If the People have not met this burden of proof, you must disregard this evidence entirely. [¶] If you decide that the defendant committed the uncharged domestic violence, you may but are not required to conclude from that evidence that the defendant was disposed or inclined to commit domestic violence and, based on that decision, also conclude that the defendant was likely to commit and did commit criminal threats and/or domestic battery as charged here. [¶] . . . [I]f you conclude that the defendant committed the uncharged domestic violence, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of criminal threats and/or domestic battery. The People must still prove each element of every crime charged beyond a reasonable doubt."

to which CALCRIM No. 852 is similar, including this court's decision in *People v. Pescador, supra,* 119 Cal.App.4th at page 252. In *Pescador,* we upheld the constitutionality of the revised version of CALJIC No. 2.50.02 (2002 rev.) and rejected substantially the same claims defendant makes here. That is, that the instruction undermined the requirement of proof beyond a reasonable doubt. (*Pescador,* at pp. 261–262.)

Nor does defendant mention the California Supreme Court's decision in *Reliford. Reliford* emphasized that nothing in the instruction at issue authorized the jury to use preponderance of the evidence as the burden of proof on any issue other than the preliminary determination whether the accused committed a previous sexual assault. (*People v. Reliford, supra,* 29 Cal.4th at p. 1016.) On that basis, the court rejected the notion that a jury could reasonably interpret the instruction to authorize a guilty verdict of a charged offense on the basis of a lowered standard of proof. (*Ibid.*)

Finally, we have previously rejected a similar claim regarding CALCRIM No. 1191, the replacement to CALJIC No. 2.50.01, noting that the decision in *Reliford* remained controlling authority on the issue, despite the semantic differences between the instructions. We noted, "there is no material difference in the manner in which each of the instructions allows the jury to conclude from the prior conduct evidence that the defendant was disposed to commit sexual offenses and, therefore, likely committed the current offenses. CALCRIM No. 1191, as given here, cautions the jury that it is not required to draw these conclusions and, in any event, such a conclusion is insufficient, alone, to support a conviction. Based on *Reliford,* we therefore reject defendant's contention that the instruction violated his due process rights." (*People v. Cromp* (2007) 153 Cal.App.4th 476, 480 [62 Cal.Rptr.3d 848].)

 There is no material difference between CALJIC No. 2.50.02 and CALCRIM No. 852. Based on *Reliford, Pescador,* and *Cromp,* we reject defendant's contentions that CALCRIM No. 852 violated his due process rights.

II–V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 246.

## DISPOSITION

The judgment is modified to award defendant three additional days of presentence custody credits. The trial court shall forward a certified copy of the amended abstract of judgment with the corrected case number to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

Blease, Acting P. J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 11, 2008, S162198.