Filed 7/10/14  P. v. Biddle CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>TARVELL LAVAN BIDDLE,<br><br>      Defendant and Appellant. | B248583<br><br>(Los Angeles County<br>Super. Ct. No. BA401496) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed in part, modified in part, vacated in part, and remanded with directions.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Ana R. Duarte, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Tarvell Lavan Biddle appeals from the judgment entered following his conviction by jury on count 1 – corporal injury upon a cohabitant or child's parent (Pen. Code, § 273.5, subd. (a)) with personal infliction of great bodily injury under circumstances involving domestic violence (Pen. Code, § 12022.7, subd. (e)).  The court sentenced appellant to prison for an unstayed term of four years.  We affirm the judgment, except we modify it in part, vacate appellant's sentence, and remand with directions.

## FACTUAL SUMMARY

Viewed in accordance with the usual rules on appeal (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence, the sufficiency of which is undisputed, established that on May 25, 2012, in Los Angeles County, appellant, the father of children of Laquinisha W.,[1] battered her numerous times, breaking her jaw and knocking out teeth.

At trial, the People introduced, pursuant to Evidence Code section 1109, evidence of qualifying prior acts of domestic violence by appellant.  In particular, on October 21, 2004 and February 26, 2005, when appellant was dating Coretta Wilson, the mother of another child of appellant, appellant battered Wilson.  On February 25, 2010, appellant, then Laquinisha W.'s boyfriend, battered her.  Appellant also battered her during the week of September 2011.

## ISSUES

Appellant claims (1) the trial court violated his right to due process by giving CALCRIM No. 852 to the jury, and (2) the trial court erred by staying, instead of striking, punishment on the Penal Code section 12022.7, subdivision (e) enhancement.  Respondent claims in a footnote the trial court erroneously imposed a $400 Penal Code section 1203.097, subdivision (a)(5) probationary payment.

---

[1]    At trial, Laquinisha W. did not identify her last name.

*DISCUSSION*

1. *The Trial Court Properly Gave CALCRIM No. 852 to the Jury.*

The trial court gave to the jury CALCRIM No. 852, concerning evidence of uncharged domestic violence,[2] and CALCRIM No. 223, concerning the definitions of direct and circumstantial evidence.[3]

Appellant claims CALCRIM No. 852 violates his right to due process. However, Evidence Code section 1108 permits the introduction of evidence of a defendant's prior sexual offenses in a case involving a current sexual offense by the defendant. Our

[2] CALCRIM No. 852, as given by the court, stated, in relevant part, "The People presented evidence that the defendant committed domestic violence that was not charged in this case, specifically incidents involving LaQuinisha W. on September 6, 2011 and February 25, 2010 and incidents involving Coretta Wilson on February 26, 2005 and October 21, 2004. [¶] . . . [¶] You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged domestic violence. . . . [¶] . . . [¶] If you decide that the defendant committed the uncharged domestic violence, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit domestic violence and, based on that decision, also conclude that the defendant was likely to commit and did inflict an injury to [a] former cohabitant or mother of his child that resulted in a traumatic condition, as charged, . . . If you conclude that the defendant committed the uncharged domestic violence, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of inflicting an injury on his former cohabitant or mother of his child resulting in a traumatic condition . . . . The People must still prove the charges and allegation beyond a reasonable doubt. [¶] Do not consider this evidence for any other purpose."

[3] The court also gave CALCRIM No. 224, concerning the sufficiency of circumstantial evidence. CALCRIM No. 224, stated, "Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt. [¶] Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable."

Supreme Court has held Evidence Code section 1108 does not offend due process. (*People v. Falsetta* (1999) 21 Cal.4th 903, 912-922.)

The reasoning underlying the above holding extends to Evidence Code section 1109 (*People v. Johnson* (2010) 185 Cal.App.4th 520, 529 (*Johnson*)), as numerous appellate cases uniformly have concluded (*ibid.*; *People v. Price* (2004) 120 Cal.App.4th 224, 240; *People v. Jennings* (2000) 81 Cal.App.4th 1301, 1310 (*Jennings*).) CALCRIM No. 852 is the current instruction on Evidence Code section 1109 (*People v. Johnson* (2008) 164 Cal.App.4th 731, 739 (*Johnson*); *People v. Reyes* (2008) 160 Cal.App.4th 246, 251 (*Reyes*)), so said reasoning extends to that instruction as well. Nothing appellant argues compels us to depart from settled case law upholding Evidence Code section 1109 and CALCRIM No. 852 as against due process challenges.

Appellant argues we should depart from the settled authority on the ground when CALCRIM No. 852 is read with CALCRIM No. 223 (which defines direct and circumstantial evidence), the instructions invite the jury to convict appellant based on facts found on a standard less than proof beyond a reasonable doubt. For the reasons discussed below, we reject the suggestion.

As mentioned, the conclusion Evidence Code section 1109 does not violate due process is based on reasoning extending from *Falsetta's* similar conclusion as to section 1108. In *People v. Reliford* (2003) 29 Cal.4th 1007 (*Reliford*), our Supreme Court, discussing an instruction based on Evidence Code section 1108, stated, "We do not find it reasonably likely a jury could interpret the instructions to authorize conviction of the charged offenses based on a lowered standard of proof. Nothing in the instructions authorized the jury to use the preponderance-of-the-evidence standard for anything other than the preliminary determination whether defendant committed a prior sexual offense . . . . The instructions instead explained that, in all other respects, the People had the burden of proving defendant guilty 'beyond a reasonable doubt.' (CALJIC Nos. 2.61, 2.90; see CALJIC No. 10.65.) Any other reading would have rendered the reference to reasonable doubt a nullity. In addition, the jury was told that circumstantial evidence could support a finding of guilt of the charged offenses only if the proved circumstances

could not be reconciled with any other rational conclusion (CALJIC No. 2.02) -- which is merely another way of restating the reasonable-doubt standard. [Citation.] The jury thus would have understood that a conviction that relied on inferences to be drawn from defendant's prior offense would have to be proved beyond a reasonable doubt." (*Reliford*, at p. 1016.)

As was true with the instruction at issue in *Reliford*, nothing in CALCRIM No. 852 in this case authorized the jury to use the preponderance of the evidence standard for anything other than the preliminary determination whether appellant committed a prior act of domestic violence. The court gave CALCRIM Nos. 355 and 220 (comparable to CALJIC Nos. 2.61 and 2.90, respectively, given in *Reliford*), as well as CALCRIM No. 852, and these instructions explained that, in all other respects, the People had the burden of proving appellant guilty beyond a reasonable doubt. The court also gave CALCRIM No. 224 (see fn. 3, *ante*), the equivalent of CALJIC No. 2.02 in *Reliford*. *Reliford's* reasoning applies here. Appellant's argument fails.

Appellant also argues we should conclude CALCRIM No. 852 violates his right to due process because the instruction permits jury consideration of propensity evidence as evidence appellant committed the present offense. Appellant suggests we distinguish between (1) jury consideration of propensity evidence of prior sexual offenses under Evidence Code section 1108 and (2) jury consideration of propensity evidence of prior domestic violence under Evidence Code section 1109 (and CALCRIM No. 852) and conclude due process bars the latter jury consideration.

In our view, consistent with authority upholding CALCRIM No. 852 as against due process challenges (*Johnson, supra,* 164 Cal.App.4th at pp. 738-740; *Reyes, supra,* 160 Cal.App.4th at pp. 250-253), appellant presents a distinction without a difference. Our Legislature enacted Evidence Code section 1108 after determining " 'the nature of sex offenses, both their seriousness and their secretive commission which results in trials that are primarily credibility contests, justified the admission of relevant evidence of a defendant's commission of other sex offenses.' " (*Jennings*, *supra*, 81 Cal.App.4th at p. 1311, quoting *People v. Fitch* (1997) 55 Cal.App.4th 172, 184.) That rationale applies

with equal force to Evidence Code section 1109 (*Jennings*, at p. 1311) and similarly justifies the departure of section 1109, and therefore CALCRIM No. 852, from any otherwise applicable due process prohibition against jury consideration of propensity evidence.[4]

Appellant concedes the "the reasoning in *Reliford* may be the controlling authority in California regarding the constitutionality of the CALCRIM No. 852 pattern instruction that was given in this case, and under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, there is an underlying presumption that this Court is bound by the *Reliford* holding." We accept the concession. In light of the concession and our above discussion, we hold the trial court did not violate appellant's right to due process by giving CALCRIM No. 852 to the jury.

2. *The Trial Court Erred by Staying, Instead of Striking, the Punishment on the Penal Code Section 12022.7, Subdivision (e) Enhancement and Remand Is Warranted.*

The reporter's transcript of the April 30, 2013 sentencing hearing reflects the court sentenced appellant to prison for the upper term of four years for the present offense. The court imposed said upper term "as a result of the jury finding the great bodily injury allegation." The court stated it was "staying any punishment pursuant to the [Penal Code] section 12022.7, subdivision (e)." The April 30, 2013 minute order reflects, "The court stays punishment as to the allegation within the meaning of Penal Code section 12022.7(e)." (Some capitalization omitted.) The minute order does not reflect a statement of reasons by the court concerning why it imposed the stay.

Respondent concedes appellant's claim the trial court erred by staying the punishment on the Penal Code section 12022.7, subdivision (e) enhancement. We accept the concession. (Cf. *People v. Haykel* (2002) 96 Cal.App.4th 146, 151.)

---

[4] This is not a case in which the trial court instructed that the jury could consider evidence of any prior "bad acts" by appellant, or any evidence of appellant's "bad character." Moreover, CALCRIM No. 852 explicitly told the jury, "Do not consider this evidence for any other purpose."

As a matter of remedy, appellant argues we should strike the Penal Code section 12022.7, subdivision (e) enhancement. Respondent argues "the remedy is to remand the case for the court to exercise its discretion and properly state reasons for striking the enhancement if it in fact exercises its discretion to do so." Respondent suggests that, following remand, the trial court might realign sentencing factors to impose a greater total prison term than would result if we merely struck the enhancement. There is no need to address whether the trial court should do so.

There is no dispute a Penal Code section 12022.7 enhancement may be stricken pursuant to Penal Code section 1385 (cf. *People v. Bradley* (1998) 64 Cal.App.4th 386, 390; *People v. Luckett* (1996) 48 Cal.App.4th 1214, 1218) and the parties concede the trial court stayed punishment on the enhancement as a purported exercise of discretion under section 1385.

When a trial court employs Penal Code section 1385 to dismiss or strike an enhancement, the section requires the reasons for that action be set forth " 'in an order entered upon the minutes.' [Citation.]" (*People v. Bonnetta* (2009) 46 Cal.4th 143, 145-146 (*Bonnetta*), quoting Pen. Code, § 1385, subd. (a).)

The defendants in *Bonnetta* claimed a different result should obtain "if the appellate court is able to discern the trial court's reasoning from some other portion of the record." (*Bonnetta*, *supra,* 46 Cal.4th at p. 146.) *Bonnetta* rejected that conclusion. (*Ibid*.) *Bonnetta* indicated numerous cases have emphasized "that the public declaration inherent in a written order is a *purposeful* restraint, that Penal Code section 1385's requirements are not directory and may not be disregarded, and that a reporter's transcript showing the trial court's motivation is not enough; the *minutes* must reflect the reason." (*Id.* at p. 149.) The minutes must reflect the reason " ' " 'so that all may know why this great power was exercised' " ' " (*id.* at p. 150, quoting *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 531) because of constitutional balance of power considerations implicated by a discretionary exercise of judicial power that circumvents an otherwise legislatively mandated result. (*Ibid.*)

Having concluded Penal Code section 1385 set forth a mandatory requirement, *Bonnetta* also stated there was no reason to consider whether a violation of the section's provisions might be deemed harmless. However, our Supreme Court noted it "might" (*Bonnetta, supra*, 46 Cal.4th at p. 152) state a rule "that would allow the reviewing court to uphold the trial court's order if, but only if, it finds the trial court's reasons to be clearly articulated [in a reporter's transcript], or if any and all of the reasons mentioned would justify dismissal." (*Ibid*.) Nonetheless, our Supreme Court did not state such a rule. Instead, *Bonnetta* stated, "such a rule, while reducing the trial court's burden, would increase that of the appellate courts without eliminating the possibility the reviewing court would misidentify the specific reason or reasons for the trial court's ruling." (*Ibid*.)

In the present case, the April 30, 2013 minute order does not reflect the reason(s) why the court stayed punishment on the Penal Code section 12022.7, subdivision (e) enhancement. Nor, in particular, does the minute order state the trial court imposed the stay because it relied upon the fact of appellant's infliction of great bodily injury upon Laquinisha W. to impose the upper term. The minute order does not comply with Penal Code section 1385.

We might have concluded the error was harmless, reasoning (1) the reporter's transcript reflects the trial court relied upon appellant's infliction of great bodily injury on Laquinisha W. to impose the upper term for the present offense, (2) once the trial court did so it was precluded as a matter of law from imposing the Penal Code section 12022.7, subdivision (e) enhancement (Pen. Code, § 1170, subd. (b); Cal. Rules of Court, rule 4.420(c)), and (3) the trial court therefore stayed the enhancement. However, in light of *Bonnetta's* above discussed reasoning militating against application of harmless error analysis even when the reporter's transcript sets forth reasons which, had they been set forth in the minute order, would have satisfied Penal Code section 1385, we decline to find the trial court's error harmless.

*Bonnetta's* analysis underlying the disposition in that case is essentially applicable here. *Bonnetta* stated, "as the trial court's order of dismissal is ineffective, the matter

must be remanded at least for the purpose of allowing the trial court to correct the defect by setting forth its reasons in a written order entered upon the minutes. Alternatively, on remand the trial court may, but need not, revisit its earlier decision, as on reflection it might determine its reasoning was flawed or incomplete. Judicial economy is furthered by allowing the trial court to correct what, upon reconsideration and reflection, it perceives to have been an unwarranted dismissal, or to consider if a dismissal should be ordered for some new or different reason." (*Bonnetta*, *supra*, 46 Cal.4th at p. 153.) Accordingly, we will remand the matter for the above alternative purposes.

Although the trial court, following remand, must either impose the Penal Code section 12022.7, subdivision (e) enhancement or strike it in the exercise of the court's discretion under Penal Code section 1385 and comply with that section's requirements, we express no opinion as to which of these alternatives the trial court should choose, nor do we express any opinion as to what appellant's new disposition, or any component thereof, should be.

3. *The $400 Penal Code Section 1203.097, Subdivision (a)(5) Probationary Payment Must Be Stricken.*

During sentencing, the trial court imposed "a $400 domestic violence fine." Respondent concedes it appears this was a $400 probationary payment under Penal Code section 1203.097, subdivision (a)(5), and the payment was unauthorized because the trial court did not grant appellant probation but sentenced him to prison. We accept the concession. An unauthorized sentence may be corrected at any time. (*People v. Huff* (1990) 223 Cal.App.3d 1100, 1106.) We will modify the judgment accordingly.

### DISPOSITION

The judgment is modified by striking the $400 Penal Code section 1203.097, subdivision (a)(5) probationary payment, appellant's sentence is vacated, and the matter is remanded for proceedings consistent with this opinion. In all other respects, the judgment is affirmed. The trial court is directed to forward to the Department of Corrections an amended abstract of judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:


KLEIN, P. J.



ALDRICH, J.