Filed 2/3/22 Certified for Partial Publication 2/24/22 (depublication denied and review declined on 6/15/22; reposted with Supreme Court order and statement)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GUSTAVO MEDINA FLORES,<br><br>    Defendant and Appellant. | A164257<br><br>(Madera County<br>Super. Ct. No. MCR059812) |

In 2018, a jury convicted Gustavo Medina Flores of a series of crimes, including felony corporal injury of his former girlfriend, Jane Doe.[1] (Pen. Code, § 273.5, subd. (a).)[2] The trial court sentenced Flores to 18 years and 8 months in prison, which included the upper term of imprisonment for his corporal injury conviction, a five-year enhancement for a prior felony conviction, and a one-year enhancement for a prior prison term. (§§ 667, subd. (a), 667.5.) The court also imposed fees and fines, including a $750.00 fee for preparing a presentencing report and a $108.19 booking fee. (Former § 1203.1b; former Gov. Code § 29550.2.)

---

[1] The California Supreme Court transferred this matter from the Court of Appeal for the Fifth Appellate District to the First Appellate District on December 20, 2021.

[2] Undesignated statutory references are to the Penal Code.

1

On appeal, Flores argues the trial court improperly admitted evidence of his prior acts of domestic violence, and he asserts the jury instructions regarding this evidence violated his constitutional rights. He further challenges the enhancements for his prior felony conviction and prison term. Relying on recently enacted Senate Bill No. 567 (2021–2022 Reg. Sess.), which limits a trial court's authority to impose aggravated sentences unless certain circumstances exist, Flores argues he must be resentenced for his corporal injury conviction. (Stats. 2021, ch. 731, § 1.3; § 1170, subd. (b)(1)-(3).) Flores also asserts certain fees must be stricken based on Assembly Bill No. 1869 (2019–2020 Reg. Sess.), which eliminated a range of court-imposed fees. (Stats. 2020, ch. 92, §§ 11, 62.) We strike the one-year enhancement (§ 667.5), vacate the balance of Flores's $750.00 presentencing report fee, and $108.19 booking fee that remains unpaid as of July 1, 2021, but in all other respects affirm the judgment.

## BACKGROUND

Flores was in a relationship with Doe. In July 2018, Doe and her five-year-old daughter were passengers in a car driven by Flores. Flores and Doe began to argue. He threatened Doe and began driving erratically. Flores stopped the car, Doe exited and tried to run away. The child also got out of the car. Flores pursued Doe on foot and said, " 'You fucking bitch. Get back in the car.' " Flores hit Doe in the face twice, placed her in a chokehold, and pulled her hair. Flores also ordered Doe's daughter to get back in the car — the child eventually complied. Flores tried to pull Doe into the car. Eventually all three entered the car, and Flores drove away. A nearby resident witnessed these events and called 911.

Police officers pursued the car, and it stopped suddenly. Doe and her daughter got out, yelling and screaming, and they ran toward a nearby

2

residence.  Officers detained Flores.  One officer observed Doe had suffered an injury to her lip, and she had blood on her teeth.  Doe told the officer that Flores repeatedly threatened her in the past; Flores told Doe, " 'When you leaving,' [*sic*] . . . 'I'm gonna fucking kill you.' "

The Madera County District Attorney filed an information charging Flores with, as relevant here, felony infliction of corporal injury on a cohabitant, Doe (§ 273.5, subd. (a), count 3); felony assault with force likely to produce great bodily injury (§ 245, subd. (a)(4), count 4); felony criminal threats (§ 422, count 5); and felony false imprisonment of Doe's daughter and Doe (§ 236, count 7 and 8).  The information also alleged Flores had a prior burglary conviction, which constituted a prior strike under the "Three Strikes" law (§ 667, subds. (b)-(i), former §1170.12); a prior serious felony conviction (§ 667, subd. (a)(1)); and that Flores had served a prior prison term (§ 667.5).

During a jury trial, Flores's parole officer testified regarding three uncharged incidents of Flores's violence towards a former girlfriend, V.Z.  In sum:  in January 2017, Flores hit V.Z.'s head against the car window.  In another incident, V.Z. was sleeping at home and suddenly found Flores, who did not live with her, climbing into her bed.  V.Z. asked him to leave, but Flores climbed on top of her, choked her, and stated, " 'Bitch, I am going to choke the fuck out of you.' "  A physical altercation ensued, and Flores grabbed and pulled V.Z. by the hair.  In November 2017, Flores unexpectedly appeared at V.Z.'s apartment.  After Flores threatened to break her windows, V.Z. let him into the apartment.  He then pushed her, attempted to choke her, and threatened to kill her if she called the police.

The jury found Flores guilty of false imprisonment with regard to Doe, infliction of corporal injury on a cohabitant, assault by means likely to

produce great bodily injury, and criminal threats. The trial court found true all three special allegations regarding Flores's prior convictions and prison term, and it sentenced Flores to 18 years and 8 months in prison. The court also imposed various fines and fees.

## DISCUSSION

### I.

Flores contends the trial court abused its discretion and violated his due process rights by admitting evidence of prior acts of domestic violence committed against V.Z. We disagree.

Generally, evidence of prior criminal acts is inadmissible to show a defendant's criminal disposition to commit the charged offense. (Evid. Code, § 1101.) But in actions involving domestic violence, "evidence of the defendant's commission of other domestic violence is not made inadmissible by [Evidence Code] [s]ection 1101 if the evidence is not inadmissible pursuant to [Evidence Code] [s]ection 352." (Evid. Code, § 1109, subd. (a)(1); § 13700 ["domestic violence" includes abuse committed against a cohabitant].) Under Evidence Code section 352, a court must determine whether the probative value of the evidence is " 'substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury.' " (*People v. Kerley* (2018) 23 Cal.App.5th 513, 532.) We review the court's determination for an abuse of discretion. (*Ibid*.)

Before trial, the People moved to admit testimony from a parole officer about Flores's prior acts of domestic violence. The trial court concluded the January and November 2017 incidents and the incident in which V.Z. found Flores in her bed were admissible since they were relevant to this matter and the probative value of the evidence outweighed the danger of undue prejudice

4

to Flores.  The court precluded the parties from referring to the witness as a parole officer, concluding the job title was irrelevant and unduly prejudicial since it indicated Flores's parole status.

The trial court's admission of the prior acts evidence was not an abuse of discretion.  The evidence was substantially similar to and no more inflammatory than his charged offense — when enraged with his dating partners, Flores threatened, struck, and choked them.  (*People v. Johnson* (2010) 185 Cal.App.4th 520, 531 [" ' "principal factor affecting the probative value of an uncharged act is its similarity to the charged offense" ' "].)  The prior acts occurred in 2017 — one year before Flores's charged offense — and thus were not unduly remote.  (*People v. Falsetta* (1999) 21 Cal.4th 903, 917 [close proximity in time of prior act to charged offense increases probative value].)  The witness's testimony was brief, spanning only nine pages of the reporter's transcript.  (*People v. Cabrera* (2007) 152 Cal.App.4th 695, 706 [testimony taking 97 pages of reporter's transcript not unnecessarily time consuming].)  Moreover, by prohibiting the parties from identifying the witness as Flores's parole officer, the court rendered the evidence less prejudicial.  (See *Falsetta*, at p. 917 [courts must consider whether there are less prejudicial alternatives to outright admission].)  Finally, the court instructed the jury with CALCRIM No. 852 — the instruction regarding evidence of uncharged acts of domestic violence — explaining that evidence of prior acts is insufficient to prove Flores was guilty of his charged offenses. The court thus mitigated the probability the jury would confuse the prior acts and the charged offense.  (*Falsetta*, at p. 917; *People v. Holt* (1997) 15 Cal.4th 619, 662 ["[j]urors are presumed to understand and follow the court's instructions"].)  The probative value of this prior acts evidence, concerning

5

Flores's propensity to commit domestic violence against Doe, outweighed any danger of undue prejudice.

We also reject Flores's argument that the prior acts evidence was unnecessarily cumulative and unfairly characterized him as a " 'generic' " batterer. This assertion ignores the reality that the probative value of prior domestic violence evidence "is principally in its cumulative nature." (*People v. Cabrera, supra*, 152 Cal.App.4th at p. 706; *People v. Hoover* (2000) 77 Cal.App.4th 1020, 1027–1028 [" 'propensity inference is particularly appropriate in the area of domestic violence because on-going violence and abuse is the norm' "].)

Finally, because we have concluded the trial court did not abuse its discretion in admitting the prior acts evidence, we need not address Flores's claim of prejudice. Nor do we address his claim that the violation of state evidentiary law consequently violated his due process rights. (*People v. Brown* (2003) 31 Cal.4th 518, 545 ["routine application of state evidentiary law does not implicate defendant's constitutional rights"].)

## II.

Flores contends the trial court erroneously instructed the jury with CALCRIM No. 852. That instruction states in relevant part: "If you conclude that the defendant committed the uncharged domestic violence, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty." Flores argues the instruction violates his state and federal constitutional rights. We disagree.

Flores concedes *People v. Reliford* (2003) 29 Cal.4th 1007 rejected constitutional challenges to an instruction containing similar language. (*Id.* at p. 1015 [concluding CALJIC No. 2.50.01, an instruction addressing

evidence of other sexual offenses, correctly identified the prosecution's burden of proof and the limited purpose for which the jury could consider the evidence].)  And other courts have rejected the very arguments Flores now advances.  (See, e.g., *People v. Johnson* (2008) 164 Cal.App.4th 731, 739–740 [determining CALCRIM No. 852 does not lessen prosecution's burden of proof]; *People v. Reyes* (2008) 160 Cal.App.4th 246, 252–253 [same].)  We agree with these decisions and reject Flores's constitutional claims.

III.

Flores next argues the matter must be remanded for resentencing based on, among other things, recently enacted legislation.  As explained below, remand is unwarranted.

At sentencing, the trial court stated Flores's criminal record displayed "a pattern of regular criminality" and a failure to comply with his terms of probation — he was under probation supervision when he committed the offenses in this case.  The court noted Flores had numerous prior convictions as an adult and several sustained juvenile delinquency petitions.  According to the court, Flores's crimes in this case "involved a high degree of cruelty, viciousness, and callousness, as the defendant physically assaulted the victim by pulling her hair and punching her on the mouth."  The court thus found the circumstances warranted an aggravated sentence.  It then denied Flores's probation; imposed the upper term of eight years for infliction of corporal injury on Doe (§ 273.5, subd. (a), four years doubled for the prior strike finding under the Three Strikes law);[3] and imposed consecutive sentences for

---

[3] Under the Three Strikes law, "[i]f the defendant has only one qualifying prior felony conviction, the prescribed term of imprisonment . . . is 'twice the term otherwise provided as punishment for the current felony conviction.' " (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 505–506 [citing §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)].)

7

Flores's remaining offenses — two years for assault (§ 245, subd. (a)(4), one-third the middle term, doubled for the strike finding), and 16 months each for false imprisonment and criminal threats (§§ 236, 422, one-third the middle term doubled for the prior strike finding).  (§ 1170.1, subd. (a) [subordinate term of imprisonment for consecutive offenses "shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction"].)  It also imposed a five-year consecutive sentence based on Flores's prior serious felony conviction of residential burglary (§ 667, subd. (a)), and a one-year consecutive term for his prior prison term for that same conviction (§ 667.5).

A.

Flores contends we must remand his five-year prior felony conviction sentencing enhancement for reconsideration due to Senate Bill No. 1393 (2017–2018 Reg. Sess.), which gave trial courts discretion to strike prior felony enhancements.  (§ 667, subd. (a); former § 1385, subd. (b); Stats. 2018, ch. 1013, § 2, effective January 1, 2019 [eliminating prohibition on striking the enhancement].)  This change applies retroactively to Flores's judgment of conviction, which was not final when the legislation became effective.  (*People v. Garcia* (2018) 28 Cal.App.5th 961, 973 [judgment is final when the time has passed for petitioning for writ of certiorari in the U.S. Supreme Court].)  Remand is not necessary, however, because the record affirmatively demonstrates the trial court would not exercise its new discretion to strike this enhancement even if it was aware it had such discretion.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [standard for assessing whether to remand].)

Here, the trial court noted Flores acted with a "high degree of cruelty, viciousness, and callousness," and he "has engaged in violent conduct, and

8

that indicates a serious danger to society." It imposed a substantial sentence of 18 years and 8 months. The court concluded the factors for mitigation did not apply in this case; rather, the circumstances weighed in favor of imposing an aggravated sentence for willfully inflicting corporal injury on Doe. (*People v. McVey* (2018) 24 Cal.App.5th 405, 419 [trial court's express consideration of factors in aggravation and mitigation demonstrated, in part, no possibility it would strike enhancement].) The court also rejected Flores's request to have his sentences run concurrently, imposing consecutive sentences instead. In doing so, as Flores acknowledges, the court elected "to impose the upper terms in sentencing" him. (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 428 [imposing consecutive terms may indicate intent to impose the maximum sentence]; see also *McVey*, at p. 419 [deliberate choice of the highest possible term for enhancement indicates no possibility trial court would strike enhancement altogether].) The evidence in the record, including the court's comments, is sufficiently unequivocal to permit us to conclude that the court would decline to exercise its discretion in striking the section 667, subdivision (a) enhancement.

B.

Flores contends he must be resentenced for inflicting corporal injury on Doe, an offense for which he received an upper term sentence. (§ 273.5, subd. (a).) We disagree.

While this appeal was pending, Senate Bill No. 567 (2021–2022 Reg. Sess.) amended section 1170, subdivision (b), making the middle term of imprisonment the presumptive sentence.[4] (§ 1170, subd. (b)(2); Stats. 2021,

---

[4] At our request, both parties submitted supplemental briefing regarding the relevance, if any, of ameliorative sentencing legislation, including Senate Bill No. 567 (2021–2022 Reg. Sess.), to the issues presented on appeal.

9

ch. 731, § 1, effective Jan. 1, 2022.)  A trial court may impose an upper term sentence only where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt. (§ 1170, subd. (b)(1)-(2).)  In making this determination, the "court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3); Stats. 2021, ch. 731, § 1.)  These amendments apply retroactively to Flores because his conviction was not final when this legislation took effect.  (*People v. Garcia*, *supra*, 28 Cal.App.5th at p. 973.)

Here, when imposing the upper term for Flores's corporal injury offense, the trial court cited Flores's numerous prior convictions as an adult, as well as sustained petitions in juvenile delinquency proceedings.  (Cal. Rules of Court, rule 4.421(b)(2).)  In addition, the court noted Flores was on probation when the crime was committed and his prior performance on probation was unsatisfactory.  (Cal. Rules of Court, rule 4.421(b)(4)-(5).)  To the extent these aggravating circumstances were not stipulated to or found true beyond a reasonable doubt, any error in taking them into consideration is harmless.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 838 ["denial of the right to a jury trial on aggravating circumstances is reviewed under the harmless . . . [beyond a reasonable doubt] standard set forth in *Chapman v. California* (1967) 386 U.S. 18"].)

"[I]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury," the error is harmless.  (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 839; see also *People v. Osband* (1996) 13 Cal.4th 622, 728

10

[single aggravating factor is sufficient to support an upper term].) On this record we are satisfied, beyond a reasonable doubt, the jury would have found true at least one aggravating circumstance. Flores's probation report, which the court reviewed and considered, identified his five sustained juvenile delinquency petitions and numerous convictions, including battery, as an adult — information that is readily available from official records. (*People v. Towne* (2008) 44 Cal.4th 63, 81 [prior convictions and probation status are well documented in official records maintained by law enforcement agencies].) The report further established Flores's unsatisfactory performance while on probation — he was on probation when committing the offense against Doe. (*Id.* at p. 82 [unsatisfactory performance while on probation may be demonstrated by court records that committed new offense while on probation].) Thus, remand for resentencing on this issue is unnecessary.

C.

Flores contends the trial court should have stricken the one-year sentencing enhancement for his prior prison term under section 667.5, subdivision (b). The Attorney General agrees, as do we. The trial court imposed a five-year sentencing enhancement for Flores's prior serious felony in addition to an enhancement for his prior prison term. Both arose out of Flores's prior conviction for residential burglary. But a court cannot rely on the same prior conviction to impose both a prior serious felony enhancement and a prior prison term enhancement. (*People v. Jones* (1993) 5 Cal.4th 1142, 1150 [if "multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement," only the

11

greatest enhancement applies].)  We thus strike the prior prison term enhancement.[5]

Remand for resentencing is warranted when part of a sentence is stricken on review so the trial court can exercise its sentencing discretion in light of changed circumstances.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  But remand is unnecessary here because, as previously discussed (*ante*, pp. 9–10), the trial court already imposed the maximum sentence possible for Flores on his remaining offenses.  (*Buycks,* at p. 896, fn. 15.)

IV.

Finally, Flores requests that we strike the restitution fines and other fees, including the $750 felony presentence report fee and $108.19 booking fee, imposed by the trial court.  (Former § 1203.1b; see also former Gov. Code, § 29550.2.)  While this appeal was pending, Assembly Bill No. 1869 (2019– 2020 Reg. Sess.) went into effect and eliminated the authority to impose and collect the balance of different administrative fees, such as the presentence report and booking fees.[6]  (Stats. 2020, ch. 92, §§ 11, 62; § 1465.9, subd. (a); Gov. Code § 6111.)  We agree the unpaid balance of the former section 1203.1b presentence report fee and booking fee as of July 1, 2021, is unenforceable, uncollectible, and must be vacated.  (§ 1465.9, subd. (a); Gov. Code § 6111; *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 954.)  But we disagree with Flores that we must also vacate the various restitution fines

---

[5] In light of this conclusion, we do not address Flores's additional argument for striking the prison term enhancement due to legislative changes to section 667.5 (b) in Senate Bill No. 136 (2019–2020 Reg. Sess.).

[6] At our request, both parties submitted supplemental briefing regarding whether the fines, fees, and assessments imposed at Flores's sentencing should be vacated due to Assembly Bill. No. 1869.

imposed by the court. Those fines are unaffected by Assembly Bill No. 1869 (2019–2020 Reg. Sess.).

## DISPOSITION

The judgment of conviction is affirmed. The judgment is modified to strike the section 667.5, subdivision (b) enhancement imposed in this matter. We also strike the unpaid balance of the booking fee, as of July 1, 2021, imposed under former Government Code section 29550.2, and the presentence report fee under former section 1203.1b and vacate that portion of the judgment imposing those costs. The superior court is directed to amend the abstract of judgment reflecting these modifications and to reduce Flores's total prison sentence accordingly.

_____

Rodríguez, J.

WE CONCUR:

_____

Tucher, P. J.

_____

Fujisaki, J.

A164257

14

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>GUSTAVO MEDINA FLORES,<br><br>　　　Defendant and Appellant. | A164257<br><br>(Madera County<br>Super. Ct. No. MCR059812) |

**ORDER CERTIFYING OPINION FOR PARTIAL PUBLICATION
[NO CHANGE IN JUDGMENT]**

**THE COURT:**

　　　The opinion in appeal No. A164257, filed on February 3, 2022, was not certified for publication in the Official Reports. For good cause appearing, pursuant to California Rules of Court, rules 8.1105(b), (c), and 8.1110, the opinion is certified for partial publication. Accordingly, respondent's request for partial publication is GRANTED.

　　　The order effects no change in the judgment.

Dated: __02/24/2022__　　　　　　　　____TUCHER, P.J._____, P. J.

---

　　　\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of Discussion sections I, II, III(A), III(C), and IV.

1

Superior Court of Madera County, Hon. Mitchell C. Rigby.

Koryn & Koryn, Daniel G. Koryn, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

Court of Appeal, First Appellate District, Division Three - No. A164257

**S274232**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

_____

THE PEOPLE, Plaintiff and Respondent,

v.

GUSTAVO MEDINA FLORES, Defendant and Appellant.

_____

The request for an order directing depublication of the opinion in the above-entitled appeal is denied. The court declines to review this matter on its own motion. The matter is now final.

See Concurring Statement by Justice Liu.

_____Cantil-Sakauye\_\_\_\_\_
*Chief Justice*

PEOPLE v. FLORES
S274232


Concurring Statement by Justice Liu


In *Apprendi v. New Jersey* (2000) 530 U.S. 466, the high court held that any fact except a prior conviction "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490.)  The sentencing court in this case imposed an upper term sentence for one of defendant Gustavo Medina Flores's offenses based on its own finding of aggravating circumstances.  The Court of Appeal held this error harmless under the standard we announced in *People v. Sandoval* (2007) 41 Cal.4th 825 (*Sandoval*):  "[I]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance, the Sixth Amendment error properly may be found harmless."  (*Id.* at p. 839.)

Our holding in *Sandoval* was based on our interpretation of the language of the determinate sentencing law as it existed at the time.  At that point, the law instructed in relevant part that when a statute specifies three possible terms of imprisonment, "the court shall order imposition of the middle term, unless there are circumstances in aggravation."  (Pen. Code, former § 1170, subd. (b).)  Because of that language, we reasoned in *People v. Black* (2007) 41 Cal.4th 799 (*Black*) — issued the same day as *Sandoval* — that "the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term."  (*Black*, at p. 813.)  On

that basis, we held that findings of additional aggravating circumstances by the sentencing court do not increase the penalty for the defendant's offense and therefore do not violate *Apprendi*. (*Black*, at p. 813.) Accordingly, we determined in *Sandoval* that if "a single aggravating circumstance" would unquestionably have been found by the jury, any further finding of aggravating circumstances by the sentencing court is harmless. (*Sandoval*, *supra*, 41 Cal.4th at p. 839.)

Effective January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) altered the language on which *Black* and *Sandoval* relied. The determinate sentencing law now says that a sentence higher than the middle term may be imposed "only when there are circumstances in aggravation of the crime *that justify the imposition of a term of imprisonment exceeding the middle term*." (Pen. Code, § 1170, subd. (b)(2), italics added.) As a result of this change, it may no longer be true that "the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term." (*Black*, *supra*, 41 Cal.4th at p. 813.) Instead, it appears a defendant is subject to an upper term sentence only if the aggravating circumstances are sufficient to "justify the imposition" of that term under all of the circumstances, which may include evidence both in aggravation and in mitigation. (Pen. Code, § 1170, subd. (b)(2); *id.*, subd. (b)(4).)

It is unclear how *Apprendi* applies to the determinate sentencing law after this recent amendment. That question has prompted a split of authority in the Courts of Appeal. (Compare *People v. Flores* (2022) 75 Cal.App.5th 495, 500–501 with *People v. Lopez* (May 10, 2022, D078841) __ Cal.App.5th __, __, fn. 11 [2022 WL 1467716].) In an appropriate case, I suggest revisiting

our decisions in *Black* and *Sandoval* in light of the changes to the determinate sentencing law.

**LIU, J.**