Filed 9/9/15  P. v. Gutierrez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO RAMOS GUTIERREZ,<br><br>    Defendant and Appellant. | B256582<br><br>(Los Angeles County<br>Super. Ct. No. KA104231)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:*

It is ordered that the unpublished opinion filed August 12, 2015, be modified as follows:

1.  The first sentence of the first full paragraph on page 5 is revised to read:  "*People v. Clark* (2011) 201 Cal.App.4th 235 is instructive on the importance of the prosecution's theory of its case."

2.  The following footnote, footnote 2, is added at the end of the first full paragraph on page 5: "[2]In his petition for rehearing, appellant argues that *People v. Clark*, *supra*, 201 Cal.App.4th 235 supports finding an instructional error.  We do not agree.  The trial court in that case refused to instruct on self-defense as to the child abuse charge, based on the erroneous belief that the defense of parental discipline was the only permissible

defense to that charge. (*Id*. at pp. 247–248.) In contrast, here appellant proceeds on the erroneous assumption that the child abuse charge was based on an act for which he was not charged at all."

3. The following sentence is added after the third sentence of the last paragraph on page 5: "The prosecutor's statement was misleading to the extent it suggested that the jury could not convict appellant of both charges based on the same act. (See *People v. Correa* (2012) 54 Cal.4th 331, 337 ["a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act"].)"

4. The next sentence of the same paragraph is revised to replace "The prosecution made an" with "Nevertheless, it made clear the prosecution's."

5. The following footnote, footnote 3, is added after the last paragraph of the Discussion section on page 6: "Appellant argues that the jury did not believe he had hit his son with a bottle because it found the allegation of personal use of a deadly weapon to be not true. That conclusion does not necessarily follow. The jury could have found that appellant used a bottle, but that the bottle was not a deadly weapon. In any event, 'if a not true finding of an enhancement allegation is inconsistent with a conviction of the substantive offense, effect is given to both.' (*People v. Santamaria* (1994) 8 Cal.4th 903, 911.)"

    Appellant's petition for rehearing is denied.

    There is no change in the judgment.

---

\*EPSTEIN, P. J.               WILLHITE, J.

2

Filed 8/12/15  People v. Gutierrez CA2/4 (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO RAMOS GUTIERREZ,<br><br>    Defendant and Appellant. | B256582<br><br>(Los Angeles County<br>Super. Ct. No. KA104231) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle, and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Ricardo Ramos Gutierrez appeals from a judgment entered after a jury convicted him on one count of child abuse. (Pen. Code, § 273a, subd. (a).)[1] The jury found true the allegation that appellant personally inflicted great bodily injury upon the victim. (§ 12022.7, subd. (a).) Appellant was sentenced to 15 years in prison.

In this appeal, appellant contends the trial court erred in refusing to instruct the jury on self-defense. Finding no error, we affirm.

### FACTUAL AND PROCEDURAL SUMMARY

In January 2014, appellant got into an argument with his wife, Mireya Miranda. The argument escalated and Ms. Miranda struck appellant in the face, drawing blood. The couple's son, 17-year-old Ricardo (Richie), ran into the room and began yelling at appellant, telling him to leave. Appellant told Richie, "Don't disrespect me." Richie responded by pushing appellant against the wall and "swinging" at him. While struggling, appellant and Richie fell onto the bed and continued fighting. The fight ended when appellant's mother entered the room and asked what was going on. Richie had blood dripping from his ear and subsequently required three staples to his head. Appellant had a black eye and a cut on his eyebrow.

Police arrived at the home and interviewed Richie and Ms. Miranda in separate rooms. Ms. Miranda appeared scared and told police that appellant had stabbed her in the past. She denied hitting appellant and stated appellant had made a fist and tried to strike her. She reported that appellant used a glass object to hit Richie. Richie told police that when he began fighting with appellant, appellant grabbed a glass bottle from the nightstand and hit him on the head with it. Richie did not indicate that he hit his head on the bed. Appellant was arrested and taken to the hospital. During the car ride, appellant denied hitting Richie with the bottle. The police did not immediately take the glass bottle into evidence, but returned five hours later to collect it.

Appellant was charged with (1) assault with a deadly weapon against Richie (§ 245, subd. (a)(1)), (2) child abuse against Richie (§ 273a, subd. (a)), and (3) assault by

---

[1] Subsequent statutory references are to the Penal Code.

means likely to produce great bodily injury against Ms. Miranda (§ 245, subd. (a)(4)). As to counts 1 and 2, it was alleged that appellant personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a), and that he personally used a deadly and dangerous weapon within the meaning of section 12022, subdivision (b)(1). As to all three counts, it was alleged that appellant had been convicted of a serious or violent felony.

At trial, the prosecution tried the case on the theory that appellant hit Richie on the head with the glass bottle, causing his head injuries. However, both Ms. Miranda and Richie changed their account of events. Richie testified that he initially told police he was struck with a glass bottle because "it was the first thing [he] saw" and he did not want to get into trouble for hitting his father. Ms. Miranda testified that she did not see how Richie was injured. She denied telling police that she saw appellant hit Richie with the bottle. Appellant testified that Richie initiated the fight and that he did not strike Richie with the bottle, although he "grabbed" Richie and "threw him to the bed."

Defense counsel requested a self-defense instruction. He argued that, although appellant denied hitting Richie with the bottle, appellant had to grab Richie and "tussle" with him in self-defense, and that this was the cause of Richie's injuries. The court denied the instruction, stating, "this is a case where the defendant's denying the conduct for which he is charged." In its closing argument, the prosecutor reiterated that appellant's charges as to Richie were based on the theory that he had hit Richie with a glass bottle. It also explained that the assault with a deadly weapon and child abuse charges were alternative charges; the jury could not convict appellant of both because they were based on the same act. The prosecutor then recommended that the jury convict on the child abuse charge rather than the assault charge because it "most accurately reflects what happened here," but left the ultimate decision to the jury.

The jury found appellant guilty of child abuse and acquitted him of the remaining charges, including the assault charge as to Ricky. It found the great bodily injury enhancement to be true, and found the deadly weapon enhancement not true. Appellant waived jury trial on his prior allegations, and the court found appellant's prior conviction

3

to be true.  The court sentenced appellant to a total of 15 years—the upper term of six years for child abuse, doubled to 12 years pursuant to sections 1170.12, subdivision (c)(1) and 667, subdivision (e)(1), plus three years for the great bodily injury enhancement pursuant to section 12022.7, subdivision (a).

This timely appeal followed.

## DISCUSSION

### I

Appellant contends the trial court erred in refusing to instruct on self-defense because the record contained substantial evidence to support a self-defense instruction. "'It is well settled that a defendant has a right to have a trial court . . . give a jury instruction on any affirmative defense for which the record contains substantial evidence [citation]—evidence sufficient for a reasonable jury to find in favor of the defendant [citation]—unless the defense is *inconsistent with the defendant's theory of the case* [citation.]'"  (*People v. Mentch* (2008) 45 Cal.4th 274, 288, italics added.)

Appellant concedes that the prosecution's theory of the case was that appellant struck Richie on the head with the glass bottle.  The defense theory of the case was that "Richie was the initial aggressor against appellant, that appellant *did not hit his son Richie with a bottle*, and that any injury Richie sustained was a result of appellant defending himself."  (Italics added.)  At trial, appellant testified that he did not swing the bottle at Richie, did not hit Richie, and that any injuries Richie sustained were accidental.  The defense theory is clearly inconsistent with a self-defense instruction; that instruction was properly refused.  (Cf. *People v. McCoy* (1984) 150 Cal.App.3d 705, 708-709 [self-defense instruction not warranted when defense theory was that shooting was accidental, rather than volitional].)

Appellant argues a self-defense instruction was nevertheless required because appellant "conceded touching Richie in self-defense" despite denying that he hit Richie with the glass bottle.  Appellant testified that he "grabbed" Richie and "threw him to the bed" to stop Richie from punching him.  But appellant was not being tried on the theory that he grabbed and threw Richie onto the bed.  The prosecution made an express election

4

to charge appellant based on the theory that he hit Richie on the head with the bottle.

*People v. Clark* (2011) 201 Cal.App.4th 235 presents a similar case. In *Clark*, the defendant and his 14-year-old son got into an argument over a broken mirror on defendant's motorcycle. (*Id.* at pp. 239-240.) The argument turned into a physical altercation, with the defendant and the son "wrestling each other on the couch." (*Id.* at p. 240.) After the defendant got up, he "pushed the son back onto the sofa." (*Ibid.*) The defendant's wife said she was going to call the police and defendant started to chase her. (*Ibid.*) The son followed them outside to prevent the defendant from harming his mother, and "pushed and tried to hit defendant." (*Id.* at pp. 240-241.) The defendant "slapped his son, pushed him away and continued to chase after his wife." (*Id.* at p. 241.) When the son caught up with the defendant, the defendant "tripped his son, causing [him] to fall on the ground onto his back," and "slapped him on the sides of his head with open palms." (*Ibid.*) The defendant was charged with and convicted of child abuse and assault. (*Ibid.*) On appeal, the defendant argued the trial court should have given a self-defense instruction. (*Id.* at p. 246.) The defendant argued that because there were two physical altercations between defendant and the son, the jury could have determined that the defendant acted in lawful self-defense based on the events that took place outside of the home, but decided to convict defendant of child abuse based on the acts that occurred inside the home. (*Id.* at p. 252.) The court rejected this argument because it "ignor[ed] the prosecutor's express election." (*Ibid.*) "In his closing argument, the prosecutor told the jury the charges were based on the conduct that occurred outside of the home. In effect, the prosecutor told the jury he was not prosecuting defendant for the events that occurred inside the house relative to his son." (*Ibid.*)

During the closing argument in this case, the prosecutor told the jury that appellant started a fight with Richie and swung "the object, a glass object, at [his] head." While reviewing the elements of assault with a deadly weapon, the prosecutor identified the "deadly weapon" as the glass bottle found in the bedroom. He then explained that the child abuse charge was based on the "exact same act," and that the jury can "find [appellant] guilty of one but not both." The prosecution made an express election to base

5

appellant's child abuse charge on the theory that appellant hit Richie with a glass bottle. A self-defense instruction was inconsistent with defense theory that appellant never struck Richie with the bottle.

We need not conduct a harmless error analysis because the court made no error in denying a self-defense instruction. (*People v. Cromp* (2007) 153 Cal.App.4th 476, 478.) However, we address appellant's contention that he suffered prejudice as a result of the denial of the instruction. Appellant argues the jury's not true finding on the deadly weapon enhancement establishes that the child abuse conviction was based on conduct other than appellant's striking Richie with a bottle. But, as we have discussed, the jury found appellant guilty of child abuse based on the prosecution's theory that appellant had struck Richie with a bottle. The court specifically instructed the jury that "[u]nless the evidence proves a defendant guilty beyond a reasonable doubt, he's entitled to an acquittal and you must find him not guilty." We presume that the jury understood and followed the court's instructions. (See *People v. Ibarra* (2007) 156 Cal.App.4th 1174, 1181). Had the jury rejected the prosecution's theory of the case, it would have acquitted appellant, not found him guilty beyond a reasonable doubt.

## DISPOSITION

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**



EPSTEIN, P. J.


We concur:



WILLHITE, J.                                    COLLINS, J.